DANIEL S. MACKAY ET AL., Appellants, v. HANCOCK COUNTY ET AL., Appellees.

**Drainage:** PETITION: DESCRIPTION OF LANDS. It is not necessary that a petition for the establishment of a drainage district contain an accurate description of all the lands to be effected thereby, as this question is to be determined upon the engineer's survey and report.

**Same:** ESTOPPEL. Landowners who appear to a petition for the establishment of a drainage district and enter a general protest, but make no objection that their lands are not accurately described in the petition, cannot thereafter object to including their lands in the district because of such inaccurate description.

**Same:** CONSTITUTIONAL LAW. A landowner who has had notice of the proceedings to establish a drainage district, that it was proposed to assess his property for its proportion of the cost of improvement and who saw the work progress without objection, is thereafter estopped to question the constitutionality of the statute under which the proceedings were had.

*Appeal from Hancock District Court.*— HON. CLIFFORD P. SMITH, Judge.

FRIDAY, JANUARY 17, 1908.

ACTION in equity to enjoin the collection of an assessment made to pay the cost of the construction of a ditch, and to set aside and cancel such assessment. On trial plaintiffs' petition was dismissed as without merit, and they appeal.— *Affirmed.*

*Ripley & Warner,* for appellants.

*J. E. Wichman* and *John Hammill,* for appellees.

BISHOP, J.— In May, 1901, a petition addressed to the board of supervisors of Hancock county, signed by more than one hundred residents and voters of said county, was filed in the office of the county auditor of that county, setting forth that certain described lands in said county were subject to overflow; that such lands were too wet for cultivation, and constituted a menace to the public health; that the public health, convenience, and welfare would be promoted by the drainage thereof. The prayer of the petition was that steps be taken by the board as provided for in chapter 2, title 10, of the Code, for the ditching and drainage of " said body and district of lands." The lands described in said petition did not include by direct description any of the lands owned by these plaintiffs. Acting on the petition, and pursuant to Code, section 1952, the county auditor at once appointed an engineer to examine the body of lands described in the petition so filed, and thereafter the engineer filed his report showing location of proposd ditches, the estimated cost of construction, etc., together with a profile and plat as required by law. Said report also contained a classification of the various tracts of land, and this included the lands owned by plaintiffs as lands to be benefited. Being non-residents, notice was given plaintiffs by publication in a newspaper of the county, and such notice designated the time when the petition would come on for hearing before the board of supervisors. A remonstrance, signed by plaintiff, D. S. Mackay, was filed with the auditor, in which it was asserted that the lands described in the petition for the drain were not wet or subject to overflow, were not a menace to public health, etc., and asking that the prayer of the petition be denied. The petition coming on for hearing before the board of supervisors, a finding was made to the effect that the public health, etc., would be promoted by draining the body of lands described in the petition, and including

those added thereto by the engineer as lands to be benefited, and thereupon a resolution was adopted establishing a drainage district in accordance with the maps, etc., of the engineer, which district included the lands of plaintiffs. Following this a commission was appointed to assess benefits upon the lands in the district, and it was to restrain the collection of the assessment made that this suit was brought.

In the petition two grounds for relief are counted upon: (1) That the inclusion of plaintiffs' lands in the district was without authority of law, because such lands were not mentioned or described in the petition filed with the county auditor asking that the district be organized; (2) the statute under which the proceedings were instituted and had is unconstitutional. The answer sets out the proceedings had, and insists upon the regularity and sufficiency thereof. And in a separate division pleads an estoppel based upon the fact of the remonstrance filed, and the further fact that, although well aware of the proceedings and of the progress of the work done thereunder, plaintiffs made no objection, nor did they take any steps to test the question of whether their lands were properly included in the district until by this action which was not commenced until after the improvement had been completed, and bonds had been issued and sold as authorized by law. And such are the matters discussed in argument.

The matters of contention presented by plaintiffs can be disposed of in brief. To begin with, it is not within the spirit of the law that the petition filed must contain an accurate description of the lands to be affected, and that no less and no more can be selected to constitute the district. The matter of the exact boundary is to be determined upon the engineer's survey and report. This view has support in the following cases: *Butts v. Monona County,* 100 Iowa, 74; *Oliver v. Monona County,* 117 Iowa, 43; *In re Bradley,* 117 Iowa, 472.

1. DRAINAGE: petition: description of lands.

Moreover, plaintiffs appeared to the published notice, and, while entering a general protest against the establishment of the drainage district as unnecessary, no complaint

**2. SAME: estoppel.** was made that their lands were not included by specific description in the petition. It is true that the remonstrance was signed only by D. S. Mackay, but the wording of the document is in the plural, and it is alleged in the answer that he appeared, not only for himself, but for his co-owners by authority, and this was not denied in a reply, nor is it questioned in argument. This being the case, it would seem on principle that plaintiffs are not in position to deny jurisdiction. *Molyneaux v. Molyneaux,* 130 Iowa, 100.

The constitutional question presented is ruled by our recent case *Thompson v. Mitchell,* 133 Iowa, 527. Here as in that case plaintiffs did have notice, and knew that it

**3. SAME: constitutional law.** was proposed to assess their property to aid in paying the cost of the improvement. Moreover, D. S. Mackay was on the ground with more or less frequency, and saw the work progressing. And no question as now presented was raised until after the improvement had been completed.

The questions presented require no further discussion. The decree was right; and it is *affirmed.*