JOHN J. ANDRE, Appellee, v. THE CITY OF BURLINGTON, IOWA, Appellant.

**Municipal improvements:** SPECIAL ASSESSMENTS: OBJECTIONS. Where an abutting property owner appears before the city council pursuant to notice, and files objections to the proposed special assessment of his property for public improvement because of errors, irregularities or inequalities therein, he is thereafter limited to the objections thus made, except where fraud is. shown or the question of jurisdiction is involved; and the defects complained of must be definitely pointed out.

**Same:** NOTICE: WAIVER OF DEFECTS. Defects or irregularities in the notice of intention to construct a sewer are waived by appearance in response thereto.

**Special assessments:** BENEFITS. It will be presumed on appeal that a special assessment was made on the basis of benefits, and the method employed by the council in so doing is not material; it may be arrived at according to the area of the abutting property,

**Same.** Although a special assessment for benefits is arbitrary and without reference to the benefits to certain property, it is not ground for setting the entire assessment aside as invalid for that reason, but the error should be corrected.

**Same.** Where no fraud is shown the finding of the council with reference to benefits, which omits certain property from an assessment for good cause, should not be disturbed.

**Construction of sewers:** STREET INTERSECTIONS, ETC.: ASSESSMENT OF

VOL. 141 IA.—5

6  COST.  The cost of constructing a sewer at street intersections, manholes and catch basins, may be charged to abutting property, even though put in for drainage purposes and to take the water from the streets, especially where the abutting property is also drained.

**Same:** RESOLUTION OF NECESSITY:  OBJECTIONS:  WAIVER.  Failure of
7  the resolution of necessity to describe adjacent property to be assessed is a mere error, irregularity or defect, which is waived by omission to make objection thereto before the council.

*Appeal from Des Moines District Court.*—HON. W. S. WITHROW, Judge.

TUESDAY, OCTOBER 27, 1908.

REHEARING DENIED TUESDAY, JANUARY 26, 1909.

APPEAL from the decision of the district court, upon an appeal from the action of the city council of the defendant, in levying a special assessment against plaintiff's property for the construction of a sewer in a street or alley abutting said property.—*Reversed* and *remanded.*

*E. L. Hirsch,* for appellant city.

*La Monte Cowles,* for appellee.

DEEMER, J.—Pursuant to a resolution of necessity duly passed, and of other proceedings, some of which will be presently noticed, the city council of the city of Burlington laid a sewer in some of the streets and alleys of the city, and attempted to levy the cost thereof against abutting property.  Within the time provided by law plaintiff appeared before the city council, and filed a protest and objections against the proposed assessment of $130.-81 upon his property, and gave the following as his grounds therefor:  "First.  No legal notice was given by

the city of its intention to construct said sewer. Second. No legal contract was made for the construction of said sewer. Third. The assessment was not levied according to law, and is illegal and void. Fourth. Said assessment is arbitrary, and not based upon any actual or supposed benefits to the property. Fifth. Said assessment is in excess of twenty-five percent (25 percent) of the actual value of said property. Sixth. Said assessment is illegal and void because a large portion of the property adjoining said sewer was not assessed, but the whole of the assessment was levied upon only a portion of the property adjacent to the sewer, arbitrarily and illegally. Seventh. Because the entire costs of the sewer has been levied to only a portion of the property abutting thereon, thus causing the owners of the property who were assessed, including complainant, to pay, not only their proportion of the costs of the sewer, but the proportion of the property not taxed or assessed, and also because there has been assessed and charged to the abutting property the costs of construction of the sewer at the street intersections, the costs of catch basins, and other work properly chargeable to the city at large, and not to the abutting property, the same having been put in for the benefit of property other than that assessed, and for the drainage of the streets and alleys of the city of Burlington generally. Eighth. Because said assessment is contrary to the laws of the State and to the ordinances of the city of Burlington, Iowa." This protest and these objections were disregarded, and the proposed assessment was confirmed and established. Plaintiff thereupon appealed to the district court, and upon a hearing there the action of the city council was reversed, and the entire assessment was declared null and void for want of power, on the part of the city council, to assess the same against the property. The assessment was annulled, and the defendant city ordered to cancel the same. The appeal is from this decision of the district court.

Sections 823, 824 and 825 of the Code provide for notice to the owner of a proposed assessment, for the time of filing objections thereto; state the effect of the objections filed, and provide for the final assessment. The notice to the owner of the proposed assessment must be for a certain time, and the statute fixes the time for the filing of objections thereto on account of errors, irregularities, or inequalities in the assessment, and by section 824 it is expressly provided that "all objections to errors, irregularities or inequalities in the making of the assessment or in any of the prior proceedings or notices not made before the council at the time and in the manner provided shall be waived except where fraud is shown." But for the inference sought to be drawn from some of our previous cases it would seem that, except in case of entire want of jurisdiction, the only remedy a property owner has against a special assessment is under these sections of the Code. Without reviewing those cases, or pointing out wherein the inference sought to be drawn is faulty and unsupported, save perhaps in one or two instances, it is sufficient to say that, where the property owner does appear before the city council pursuant to notice from the city, as plaintiff did in this case, and files objections to the proceedings of the council, he is limited, both upon his appeal to the district court, and upon appeal here, to such objections as he filed with the city council, save where fraud is shown. There is no claim of any fraud in the instant case, and the exception noted need not be considered. It may, perhaps, be true that objections to the jurisdiction of the city council and of the district court may be raised at any time, even upon appeal to this court. But if there be such an exception, it must clearly appear that the city council was without jurisdiction to make the improvement. This means something more than errors, irregularities, or inequalities in the making of the assessment and in the prior

1. MUNICIPAL IMPROVEMENT: special assessments: objections.

proceedings and notices.   Aside from the jurisdictional
question, it is manifest that plaintiff must be confined to
the objections made by him before the city council.

The arguments filed cover a much broader field, but we
shall only consider such objections as were lodged with the
council.   Going to these, it will be discovered that the fifth,
sixth and seventh objections go to the amount rather than
the legality of the assessment, and the eighth is too indefi-
nite to be considered.   The first, second and fourth ob-
jections have reference to the illegality of the contract for
the improvement and the character of the assessment.   The
third is too general to point out any defect.   *Light & Pow-
er Co. v. Marshalltown,* 127 Iowa, 644; *Owens v. Marion,*
127 Iowa, 469.

No objection was made to the resolution of intention
or of necessity, and we shall not consider the sufficiency
thereof, although that proposition is argued in appellee's
brief.   As to the notice of intention to con-
struct the sewer, it appears that plaintiff
appeared in response to the notice, and made
certain objections to the proposed sewer.   Although the
notice may have been defective, it accomplished its pur-
pose, and plaintiff was in no manner prejudiced by rea-
son of any defects therein.   It is not a case of no notice,
but of a defective one.   And these defects were waived by
plaintiff's appearance in response thereto.   *Reed v. City,*
137 Iowa, 107; *MacKay v. Hancock County,* 137 Iowa,
88.

*2. SAME: notice: waiver of defects.*

The legality of the contract is challenged, but no
specific objections were pointed out in the protest filed,
and counsel do not point out any defects in the contract
in their printed brief.   The statute does not specify any
particular form of contract, and we discover nothing in it
which would make it illegal.

The objection is that the assessment was arbitrary, and
without reference to any supposed or actual benefits to the

property. The record does not sustain this proposition. In the first place it will be presumed that the council did its duty, and assessed according to benefits. Just how it arrived at its conclusions is now immaterial. But the evidence shows that the assessment was based

3. SPECIAL ASSESSMENTS: benefits.

upon a report of the engineer, and that he arrived at the question of benefits by assessing according to the area of the abutting property; that is to say, at the rate of one cent per square foot. The front-foot rule has been held a proper basis for assessment, although in a measure arbitrary; and if that be unobjectionable, surely the area rule should be sustained.

Moreover, there is no doubt under the testimony that plaintiff's property was benefited to some extent by the sewer. But if there be anything in this point, it was no

4. SAME.

ground for declaring the entire assessment invalid. The trial court should have corrected the assessment, and it was in error in declaring it invalid on this ground. The fifth objection does not go to the validity of the assessment as a whole. We shall refer to that later.

The sixth relates to the manner of the assessment. It is claimed that some of the property abutting upon the sewer was arbitrarily omitted from the assessment. It is

5. SAME.

true that some of the lots were omitted, but this was because they had once been assessed for the same purpose, or for some other reason which appeared valid to the council. Their omission upon this ground should not destroy the assessment. It merely adds confirmation to the fact already found that the assessment was according to benefits. No fraud is claimed, and the finding of the council with reference to benefits should not be disturbed, because certain abutting property was relieved from assessment.

The seventh objection is compound. As we understand it, the points made against the assessment not already re-

ferred to are, that the assessment was illegal because it

6. Construction of Sewers: street intersections, etc.: assessment of cost.

included the cost of the construction of the sewer at street intersections, the cost of catch basins and other work, properly chargeable to the city at large, and not to the abutting property.   Section 819 of the Code expressly provides that the cost of a sewer at street intersections may be taxed to abutting property, and it· is too clear for argument that the cost of proper manholes and catch basins may be included in the assessment.   They are, as every one knows, essential to the proper construction of. any system of sewers.   The city is not obligated to take care of the cost of these.   Comstock' v. Eagle Grove, 133 Iowa, 593; Owens v. Marion, 127 Iowa, 475.   The only contention made before the city council with reference to these catch basins is found in the seventh paragraph of the objections filed. Manifestly the expense of these was not chargeable to the city.   Even if they were put in for drainage purposes, and to take water from the streets, the expense was not necessarily chargeable to the city.   The one near plaintiff's property not only drained the abutting streets, but of necessity took· care of the water coming from his lots.   This answers all the objections made before the city council, and practically settles every question, save the amount of the assessment which should be levied against plaintiff's property.

The trial court, however, was of the opinion, so it is claimed, that the proceedings were void because the resolution of necessity did not mention or describe any of

7. Same: resolution of necessity: objections: waiver.

the adjacent property to be ₁assessed.   Section 810 of the Code ·provides that the resolution shall state whether abutting property will be assessed.   The resolution in the instant case did recite that the cost of the improvement would be assessed against adjacent and abutting property in proportion to benefits.   The assessments were made against abutting

property. Plaintiff appeared before the council, and objected to the construction of the sewer, and also appeared in response to the notice of the proposed assessment, and on none of these occasions did he make the objection that adjacent property was omitted from the assessment. This was nothing more than an error, irregularity, or defect in the proceedings which was waived by plaintiff's failure to object. See Code, section 824; *M. & St. L. R. R. v. Lindquist,* 119 Iowa, 144; *Nixon v. City of Burlington,* 141 Iowa, 316; *MacKay v. Hancock Co.,* 137 Iowa, 88; *Reed v. City,* 137 Iowa, 107, and cases cited. In *Stutsman v. Burlington,* 127 Iowa, 563, the identical question now under consideration was determined adversely to plaintiff's contention. Failure to assess adjacent as well as abutting property was not jurisdictional. At most it was a mere error or irregularity, and the defect, if there was one, was waived by plaintiff because he did not make that a ground of objection. None of his objections challenged the resolution of necessity.

Appellee's argument covers a much broader field than his objections filed before the city council. He relies on defects in the resolution of necessity, insufficient notice of proposal for bids, change of plans by the city engineer after the contract was let, and some other matters, which it is claimed deprived the city council of jurisdiction, or of power to act at all. None of these matters were raised by the objections filed, and manifestly they can not be considered on this appeal. If the action were in equity, and not upon appeal, or were it an independent suit to set aside or enjoin the tax, we might have some difficulty with the case. The members of this court are not agreed upon what constitutes a jurisdictional defect. In the opinion of the writer none of the matters last referred to are jurisdictional; and if they were, it is not a case where nothing was done, but at most an error, defect, or irregularity occurring after the council had acquired complete jurisdic-

tion, which might have been raised upon appeal, but which was not in fact done. It is true that in some of our cases a majority of the court has held that a defect in the notice of proposal for bids is jurisdictional. *Bennett v. Emmetsburg,* 138 Iowa, 67, and cases cited; *Comstock v. Eagle Grove,* 133 Iowa, 599. Those cases in the opinion of the writer run counter to many of the cases heretofore cited in this opinion. They were all based upon an uncontrovertible proposition of law, but in my opinion the application of it was erroneous. As such proceedings are *in invitum* the statutes must be strictly followed, or the acts done will be invalid. But it is within the power of the Legislature to establish tribunals for the settlement of all issues arising during the progress of the proceedings, and to these tribunals the aggrieved party must resort. Of course, if the council by reason of some act or omission is without jurisdiction—that is to say, has no power to act at all in the premises—the question may be raised at any time and in any kind of proceedings. None of the matters relied upon are, in the opinion of the writer, jurisdictional. But if it may be said that they were, we are all agreed that when the property owner appears before the council and files his objections, he is bound thereby, and can not on appeal raise other questions not presented to the city council and not urged before the trial court. Claim is made that these matters were presented to the trial court and passed upon by it. The record does not sustain the claim. But if it did, there was no proper objection before that court, and none here upon which we are justified in passing. See cases heretofore cited, and, particularly, *MacKay v. Hancock County,* 137 Iowa, 88; *Stutsman v. Burlington,* 127 Iowa, 563, and *Nixon v. Burlington,* 141 Iowa, 316.

With reference to the amount of the assessment, we are of opinion that it was too high. Plaintiff's property was worth, in our opinion, $250. By statute it was not

assessable for more than one-fourth of that value.   Code Supp. 1902, section 792.   The assessment should have been reduced to $62.50.

The case will be reversed and remanded for a decree in harmony with this opinion.

*Reversed* and *remanded.*