EMMA SKINNER DOWNING, Appellant, v. CITY OF INDEPENDENCE, Appellee.

MUNICIPAL CORPORATIONS: Special Assessments—Fatally Indefinite Objection. An objection to a special assessment must be explicit enough to fairly call to the attention of the city council the nature of the property owner's complaint and to enable the council to investigate. "I object" is quite insufficient.

Headnote 1: 28 Cyc. pp. 1175, 1179, 1183.

Headnote 1: 25 R. C. L. 157.

*Appeal from Buchanan District Court.*—G. W. WOODS, Judge.

MARCH 8, 1927.

In the district court, this was an appeal from a sewer assessment made by the city council of Independence against certain lots of the appellant's. On motion of the defendant, the appeal was dismissed in the district court, on the ground that no objections conformable to the statute had ever been filed before the city council, and that there was no issue before the district court which could properly be adjudicated therein. The plaintiff appeals.—*Affirmed.*

*Roy A. Cook,* for appellant.

*A. N. Todd* and *M. A. Smith,* for appellee.

EVANS, C. J.—The petition filed by the plaintiff in the district court avers that she is the owner of seven unimproved lots in certain blocks in the city of Independence, of the value of $60 each, which were assessed in amounts ranging from $47 to $108, respectively, and that such assessments were in excess of 25 per cent of the value of the lots, respectively.

Though it is not alleged in the petition, we infer from the briefs that, at some time prior to January 21, 1924, the city council had caused to be placed on file a plat of proposed assessments for the cost of a sewer, and had published notice accordingly, and that plaintiff's action on January 21, 1924, was in response to such published notice. On such date she filed with the city clerk a paper, in the following terms:

"I hereby file objections to assessments on unimproved lots, in Block 35 and 34 for sanitary sewer.

"L. Downing

"Emma Skinner Downing."

What action was had by the city council subsequent to the filing of such objections, and before January 26, 1924, does not appear in the record before us. On January 26, 1924, "the plaintiff duly served notice of appeal *from said assessment.*" The quoted words are from the abstract. The question argued in appellant's brief is whether the paper filed by the plaintiff with the city clerk was a sufficient compliance with the statute, Sections 6029 and 6030, Code of 1924, to entitle her to appeal from the action of the city council on the question of valuation of the lots and of the excessive character of the assessment, as exceeding 25 per cent of such values. The district court held that it was not, and we think its holding must be sustained. We are not disposed to construe these sections of the statute too strictly or technically. We should be disposed to hold that they permit great liberty of informality, and that any writing which fairly brings to the attention of the city council the nature of the taxpayer's complaint, in a form sufficiently definite to enable the city council to investigate such particular

complaint, should be deemed sufficient... But even such a construction could not aid the plaintiff herein. Her paper neither directly nor indirectly directed the attention of the council to any ground of objection. She gave no reason for her complaint. She said simply, "I object." Whether she could have cured the defects by appearing in person on the return day and elaborating them orally or otherwise, we need not consider. We hold now only that the paper filed by her brought nothing before the city council upon which it could act intelligently. *Andre v. City of Burlington,* 141 Iowa 65; *Koontz v. City of Centerville,* 161 Iowa 627.

It may be added, also, that the record before us seems to be defective. The petition discloses no action by the city council prior to February 13, 1924. Her appeal to the district court was taken on January 26, 1924. The record discloses no action by the city council between January 21, 1924, the date of the filing of the objection, and January 26, 1924. Whatever was done by the city council on February 13, 1924, could hardly be the subject of an appeal taken January 26th. This discrepancy of dates may have resulted from bad proof reading. If so, it is no less fatal to the record here. It is as much the duty of parties in this court to correct bad proof reading as it is to present to the printer a correct manuscript.

The judgment of the district court must be affirmed.—*Affirmed.*

STEVENS, FAVILLE, and VERMILION, JJ., concur.