Opinion by
Porter, J.,
The sewer in question was constructed under the authority of the city, duly exercised and entirely within the lines of a public highway. The proceedings ■ before the viewers appointed by the court below, under the provisions of the Act of May 16, 1891, P. L. 75, and the supplements thereto, were in all respects regular. The viewers filed a report finding the cost and expenses of the construction of the sewer to be $10,379.35, of which amount there was assessed against the city of Chester $6,195.45, and the balance was assessed against abutting properties peculiarly benefited, including an assessment of $1,500 against the property of this appellant. The report of the viewers shows that the Chester Steel Castings Company was represented before the viewers and that neither it nor any other party made any claim for damages to property resulting from the improvement, that no damages were awarded by the viewers for property taken, injured or destroyed by the improvement, and that there was no assessment of benefits Upon any property to pay damages for property so taken, injured or destroyed. The assessments were exclusively to pay the costs and expenses of the sewer. The appellant filed no exceptions to the report of viewers, but appealed to the'court of common pleas and demanded a jury trial. The court below, *486 on motion of the city, struck off the appeal of the Chester Steel Castings Company, which action is now assigned for error.
The Act of April 2, 1903, P. L. .124, amending the second and sixth sections of the Act of May 16, 1891, P. L. 75, contains the following provisions which are material in determining the sufficiency of the ground upon which the appellant asserted its right to an appeal and a jury trial in the court below: “Within thirty days after the confirmation, modification, changing or correcting of any report, any interested party may appeal from said decree to the Superior Court or to the Supreme Court, as the case may be. The said report, when and as finally confirmed shall be conclusive as to any assessment made therein to pay the costs and expenses of any sewer, street or other improvement. And within thirty days after said report is filed in court, as aforestated, any party whose property is taken, injured or destroyed, or who is assessed benefits to pay damages for property taken, injured or destroyed, -may appeal to the court of common pleas, and demand a trial by jury, according to the course of the common law. Every appellant shall state in the appeal the grounds upon which or for which the appeal is taken, and the same shall be signed by the party or parties taking the appeal, or by his or their agent or attorney.” Under these provisions of the statute the owner of property which is assessed only to pay the cost of the construction of a sewer does not have the right to appeal from the assessment and demand a jury trial; it is only the party whose property is taken, injured or destroyed, or who is assessed benefits to pay damages for property taken, injured or destroyed, who is possessed of such right. The only remedy of an owner who is assessed for benefits to pay the cost of the construction of a sewer, exclusively, is to file exceptions to the report of viewers and thus secure a modification of the assessment, in the manner provided by the statute: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413. The report of viewers awarded no damages for property taken, injured or destroyed, and neither this appellant nor any other owner was assessed benefits to pay damages for any property so injured; if, therefore, the steel company was within the class of owners *487 who under the statute had the right to a jury trial it must have been because^ its own property was taken, injured or destroyed. The property of the appellant was not taken, for the sewer was wholly within the line of the public highway. The appellant made no claim for damages, because of injury to its property resulting from the construction of the sewer, before the viewers, but permitted the report to be filed and then failed to call the attention of the court below to any supposed mistake of the viewers, by filing an exception suggesting that its property had been injured. There had been no suggestion during the entire proceeding in the court below that the officers of the steel company imagined that their property had been injured until they filed their appeal and demanded a jury trial. There is nothing in the record which would warrant us in holding that this appellant was within the class of owners who under the statute are entitled to a jury trial, unless it be found in the statement of the grounds upon which the appeal was taken and trial by jury demanded, filed by it, in the court below. If the sewer had been constructed through the lands of the casting company, or it appeared from the record that the casting company had alleged before the viewers or in the court below, that its property was damaged, there might be reason for holding that there was no necessity for strict accuracy in the statement of the grounds upon which the appeal and demand for a jury trial was based, but in this case the appellant presented nothing outside of the statement filed which even tended to show that it was entitled to a jury trial. The statute limits the class of owners who are entitled to an appeal and a jury trial, and requires that the appellant shall state in the appeal the grounds upon or for which the appeal is taken. This necessarily implies that the grounds upon which the appeal is taken must be such as to bring the appellant within the class of those who are entitled to a jury trial. This appellant stated the grounds upon which it appealed and demanded a jury trial as follows: "The grounds upon and for which this appeal is taken are because the jury have assessed the lands of the appellant an amount greatly in excess of the benefits derived or to be derived from the said sewer; the jury have failed to allow a *488 sufficient part of the costs of the said sewer for the public uses and value of the said sewer; and the jury have failed to recognize that the destruction of Lamokin Run is an injury to rather than a benefit to the said property.” This is nothing more than an- assertion that the viewers had made against the property of the appellant an excessive.assessment for benefits, and that the assessment against the public, the city, ought to' have been larger. The allegation that “the jury have failed to recognize that the destruction of Lamokin Run is an injury ■to rather than a benefit to the said property,” amounts only to •a complaint that the viewers in estimating the benefits had included an element which ought not to have been considered, and is not the equivalent of a direct declaration by the appellant- that the property had been actually injured. The condition of the record required that this appellant should specifically átate that its property had been injured, in order to entitle ■it'to^a jury trial.
“-"•The order of the court below, is affirmed.