## Murdoch, Appellant, *v.* Pittsburg (No. 1).

*Road law—Appeal from jury of view—Costs and expenses of improvement—Acts of May 16, 1891, P. L. 75, and April 2, 1903, P. L. 124—Constitutional law—Taxation.*

1. The Act of April 2, 1903, P. L. 124, sec. 2, amending sec. 6 of the Act of May 16, 1891, P. L. 75, does not confer the right of appeal to the common pleas from assessment by viewers to pay the costs and expenses of grading, paving and curbing a street, if no claim is made for damages.

2. The Act of April 2, 1903, P. L. 124, making the finding of a jury of view conclusive where the assessment is for costs and expenses only, is constitutional.

3. Assessments for the construction of sewers and original grading and paving of streets, etc., have always been regarded as a species of taxation which, within well-defined limits, is constitutional and proper, without provision for such appeal from the action of those intrusted with the duty of making and revising assessments.

Argued Oct. 29, 1908.   Appeals, Nos. 167, 168 and 171, from order of C. P. No. 3, Allegheny Co., Feb. T., 1908, No. 574, Feb. T., 1908, No. 642, and Aug. T., 1908, No. 320, dismissing appeal from the jury of view in case of Lydia A. Murdoch et al. v. City of Pittsburg.   Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Appeal from award of jury of view.   Before EVANS, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the appeal.

*J. M. Shields*, with him *Allan B. Angney* and *McKenna & McKenna*, for appellant, cited: Wyoming Street, 137 Pa. 494; Pusey's App., 83 Pa. 67; Tourison's App., 171 Pa. 38; Beechwood Avenue Sewer Case, 179 Pa. 498.

*A. M. Thompson*, with him *W. B. Rodgers* and *Lee C. Beatty*, for appellee, cited: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413; McMasters v. Commonwealth, 3 Watts, 292; Schenley v. City of Allegheny, 25 Pa. 128; Hammett v. Philadelphia, 65 Pa. 146.

PER CURIAM, January 4, 1909:
The question raised by these appeals relates to the right of appeal to the common pleas from an assessment by viewers to pay the costs and expenses of grading, paving and curbing a street.   It appeared from the record that the assessment was for this purpose only, that no property had been injured or destroyed, and that no claim had been made for damages to property.   The intention to limit by the Act of April 2, 1903,

P. L. 124, the right of appeal to a party whose property had been taken, injured or destroyed, or who was assessed benefits to pay damages for property taken, injured or destroyed, is clear. Section 6 of the Act of May 16, 1891, P. L. 75, had been construed in Tourison's Appeal, 171 Pa. 38, and in Beechwood Avenue Sewer Cases, 179 Pa. 494, to give the right of appeal from assessments of benefits to pay in whole or in part damages sustained by another lot owner. Section 2 of the act of 1903, amending sec. 6 of the act of 1891, expressly provides that the report of viewers when confirmed "shall be conclusive as to any assessment made therein to pay the costs and expenses of any sewer, street or other improvement;" and gives, as did the act of 1891, the right of appeal to one whose property has been taken, injured or destroyed, and extends the right to one who is assessed for benefits to pay for damages for property taken, etc. Nor is the objection to the constitutionality of the amending section of the act well founded. In Oil City v. Oil City Boiler Works, 152 Pa. 348, it was said: "Assessments for the construction of sewers and original grading and paving of streets, etc., have always been regarded as a species of taxation which, within well-defined limits, is constitutional and proper, without provision for such appeal from the action of those intrusted with the duty of making and revising assessments." The principle is too firmly settled by a long line of cases, including Hammett v. Philadelphia, 65 Pa. 146; Michener v. Phila., 118 Pa. 535, and on down to Harrisburg v. Segelbaum, 151 Pa. 172, to be now shaken. See also the carefully considered opinion by HENDERSON, J., in Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413.

The order is affirmed at the cost of the appellant