# Harrisburg *v.* Forster, Appellant.

*Municipalities—Sewers—Assessment of damages—Act of May* 16, 1891, *P. L.* 75.

Under the Act of May 16, 1891, P. L. 75, the only remedy of an owner who is assessed for benefits to pay the cost of the construction of a sewer exclusively, is to file exceptions to report of viewers. He is not entitled to an appeal. If, however, he takes an appeal, and subsequently with the consent of the municipality, and by leave of court an issue is framed between himself and the city, to try the single question of whether or not the owner's property is benefited by the construction of the sewer, the court commits no error in confining the trial of the issue to the single question specified. If in such a case the jury finds that the owner's property was benefited three times more than the assessment levied by the viewers, and the city files a remittitur for all of the verdict above the actual cost of the construction, the owner cannot object to a judgment entered for the latter amount.

Argued March 10, 1909. Appeal, No. 5, March T., 1909, by defendant, from judgment of C. P. Dauphin Co., June T., 1906, No. 515, on verdict for plaintiff in case of City of Harrisburg v. Benjamin L. Forster, Administrator d. b. n. c. t. a. of John Forster, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Issue to determine liability of assessments for constructing a sewer. Before KUNKEL, P. J.

Defendant presented the following points:

1. If the jury believe the testimony of M. B. Cowden, city engineer, the bottom of the sewer is so high above the ground of the defendant, and will not drain it, as it is, because of that fact, and will be of no advantage to the ground of the defendant, unless houses should be erected upon it, then the sewer is not an improvement within the meaning of the act of assembly and the verdict must be for the defendant. *Answer:* Refused. [1]

2. If the jury believe the testimony of the plaintiff's city engineer, a twelve-inch sewer would have been sufficient for the

defendant's properties, and as an eighteen-inch sewer has been laid and is sought to be recovered for in this case, the jury can allow for no more than the cost of a twelve-inch sewer. *Answer:* Refused. [2]

3. Under all the evidence in the case the verdict must be in favor of the defendant. *Answer:* Refused. [3]

The court charged the jury in part as follows:

[We say the single question for you to determine is, were the lands of the defendant benefited by the construction of this sewer, and if so, what in dollars and cents is the value of that benefit? If you are not satisfied from the evidence that it was benefited by the construction of this sewer, then you would so find and your verdict would be that it was not benefited and would be in favor of the defendant. But if you are satisfied from the evidence that the defendant's property was benefited by the construction of this sewer, then you would so find and determine the value of that benefit in dollars and cents.] [4]

[The city or the plaintiff contends that the land of the defendant was benefited by the construction of the sewer, that its market value was increased or enhanced by the construction of the sewer,—that is the claim made on the part of the plaintiff,—and you heard the witnesses brought here by the city in support of that claim. The witnesses have been presented to you and you have heard their testimony. You have heard the opinions they have given as to the market value of the property of the defendant immediately prior to the construction of the sewer and the market value immediately after, and you are to take that testimony and determine how much weight you may attach to it. You have heard the testimony and you have heard what they have taken into consideration in giving their opinions as to the market value of the property before and after the construction of the sewer, and you will determine, considering that, how far that testimony satisfies you that the sewer has benefited the property by increasing its market value. Some of these witnesses testify that the market value was increased, was enhanced by two and a half, three, four, five, seven and ten dollars per foot front. You will remember that testi-

mony; it has been referred to by the counsel on the one side and on the other, and I have no doubt is fresh in your recollection.] [5]

Verdict for plaintiff for $3,120, on which judgment was entered for $1,194.15, all above that amount having been remitted.

*Errors assigned* were (1–5) above instructions, quoting them.

*Levi B. Alricks,* with him *George R. Barnett* and *John Hamilton Alricks,* for appellant, cited: Washington Avenue, 69 Pa. 352; Chamber's App., 159 Pa. 20; Tourison's App., 171 Pa. 38; Park Avenue Sewers, 169 Pa. 433; Hammett v. Philadelphia, 65 Pa. 146.

*Daniel S. Seitz,* city solicitor, for appellee, cited; Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413; Seventh Street Sewer, 35 Pa. Superior Ct. 484.

OPINION BY MORRISON, J., April 12, 1909:

In the summer of 1905, the city of Harrisburgh passed an ordinance under and by which a contractor constructed a sewer eighteen inches in diameter in the center of Cameron street, one of the public streets of the city. After the completion of the sewer, the city, in pursuance of the provisions of the Act of May 16, 1891, P. L. 75, petitioned the court of common pleas of Dauphin county for the appointment of viewers to ascertain and report to the court the damages sustained and the benefits to the abutting landowners arising from the construction of the sewer. After the report of the viewers had been confirmed nisi, the defendant, without filing any exceptions, appealed to the common pleas from the assessment of benefits against his lands, which abutted on both sides of said street, equal to the cost of the construction of the sewer. After a rule had been obtained to show cause why the appeal should not be stricken from the record, and also a rule to show cause why exceptions should not be filed nunc pro tunc, a written agreement between the parties was signed and filed, withdrawing the rules, and the court, with the consent of the parties, directed an issue to try and determine the amount of the damages and benefits,

if any, that have accrued to the property of the appellant, and the trial to be without further pleadings. In that issue the city of Harrisburgh was by agreement made plaintiff and Benjamin L. Forster, Admr., etc., defendant.

The assessment made by the viewers was only to pay the cost of the construction of the sewer and none of the appellant's property was taken, injured or destroyed, and no assessment was made against the appellant to pay damages for the property taken, injured or destroyed. Therefore, under the provisions of the act of May 16, 1891, the defendant was not entitled to an appeal: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413.

Again, in Seventh Street Sewer, 35 Pa. Superior Ct. 484, a case on all fours with the present one, we said: "The only remedy of an owner who is assessed for benefits to pay the cost of the construction of a sewer, exclusively, is to file exceptions to the report of viewers and thus secure a modification of the assessment in the manner provided by the statute." We have already seen that the defendant took an appeal without filing any exceptions in the court below, and the case was tried without exceptions upon the record or reasons showing grounds for an appeal. Therefore, the defendant only remained in court, ex gratia curiæ. There was a motion on the record to strike off his appeal, and it was only with the consent of the plaintiff's solicitor and by the grace of the court, that this motion was not granted.

The learned court saw fit, on the agreement of the parties, to grant them an issue to try the question of whether or not the defendant's property was benefited by the construction of the sewer. In charging the jury the learned trial judge said: "So the question you are called upon to determine here is,— for there is no claim that any damage was done to the defendant's property by reason of the construction of this sewer,— the question you are called upon to determine is, whether or not any benefit has accrued to the defendant's property by reason of the construction of this sewer; that is the sole question and that is the single question that you are to determine, and you are to determine that from the evidence alone."

In overruling the motion for a new trial the learned president of the court below said: "If the city was attempting to assess the land for a larger sewer than it could legally be made liable for, the objection, it seems to us, should have been raised by excepting to the viewer's report, or to the whole proceeding, or by making it one of the reasons for the appeal. At least, the point could not be determined on the trial of the question of the amount of benefit or damage accruing to the land by the construction of the particular sewer."

The case was tried on its merits, and we think the learned trial judge was right in limiting the scope of the hearing to the single question raised by the issue and pleadings upon which the case was tried, to wit: what benefits, if any, accrued to the appellant's property abutting on the line of the sewer, by reason of the construction thereof. We are disposed to concede to the court below a large discretion in this case as to what was to be tried under the issue granted by him. We will not reverse, under the peculiar facts of this case, because the defendant was not permitted to prove that a smaller sewer would have been sufficient.

The jury found that defendant's property was benefited three times more than the assessment levied by the board of viewers. The plaintiff filed a remittitur for all of the verdict above the actual cost of the construction of the sewer and obtained judgment for the latter amount. This we think resulted in substantial justice to the parties, and the defendant being in court ex gratia and having elected to try his case without exceptions or stated ground of appeal, he cannot now be heard to complain of the judgment.

The assignments of error are all dismissed, and the judgment is affirmed.