# Fraser, Appellant, *v.* Pittsburg.

*Road law—Appeal from viewers—Report of viewers—Evidence.*

1. If a party whose property is assessed for benefits to pay, exclusively, costs and expenses of the construction of an improvement, desires to raise a question as to the legal liability of his property for assessment, or whether a wrong rule has been adopted by the viewers in apportioning the charge, he may be heard on exceptions by the court and by appeal to the appropriate appellate court, but he has no right to a jury trial upon such questions.

2. On the trial of an appeal from the award of a road jury, the report of the viewers is not admissible to show the total cost of the improvement in order that the inference may be drawn as to what proportion was charged against the property in question per foot front, where the property in question has been assessed only for its proportionate share of the costs and expenses of the improvement.

Argued April 27, 1909. Appeal, No. 153, April T., 1909, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1905, No. 186, on verdict for defendant in case of E. M. Fraser v. City of Pittsburg. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from report of jury of view.

At the trial the plaintiff made the following offer:

We offer the viewers' report to show what the total cost of the improvement on that alley was and the number of feet between St. Clair street and Mellon street in order that the inference may be drawn as to what proportion was charged against the property per foot front.

Objected to as incompetent and irrelevant, the question of the relative amount of assessments being a question which can-

not be raised on appeal. Objection sustained. To which ruling of the court counsel for plaintiff excepted. Exceptions allowed and bill sealed. [1]

Counsel for plaintiff proposes to prove by the viewers' report that there was a reduction made in the assessment at the two corners of St. Clair street extending back fifty feet on James street, and that the entire cost of the improvement on James street from St. Clair to Mellon street was assessed upon the inside properties abutting on James street.

Objected to, first, as contrary to all the facts and entirely opposite to what the viewers did, and secondly, as incompetent and irrelevant in this proceeding. Objection sustained. To which rule of the court counsel for plaintiff excepted. Exceptions allowed and bill sealed. [2]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1,2) ruling on evidence, quoting the bill of exceptions.

*W. K. Jennings,* with him *D. C. Jennings,* for appellant. .

*C. K. Robinson,* with him *C. A. O'Brien,* for appellee, cited: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413; Carson v. Allegheny City, 213 Pa. 537.

OPINION BY PORTER, J., October 11, 1909:

The city graded, paved and curbed James alley, a distance of one square, from St. Clair street to Mellon street, both of which were improved streets. Viewers were appointed to assess the damages and benefits resulting from this improvement, under the provisions of the Act of May 16, 1891, P. L. 75, as supplemented and amended by later legislation. The viewers filed a report finding the amount of the costs and expenses of the improvement and making assessments, to pay such costs and expenses, upon abutting properties, including that of the appellant. The report made no award of damages and no property was assessed to pay damages. Mrs. Fraser appealed from the report of viewers and demanded a jury trial, in said appeal

asserting that her property had been damaged by the change of grade. An issue was framed to try said appeal, which resulted in a verdict in favor of the city. The assignments of error raise but a single question, Was the report of viewers admissible in evidence at the trial, in the court below, for the purposes for which it was offered by this appellant?

That the report of viewers is not generally admissible in evidence, upon the trial of an appeal from that report, is so well settled as to render citation of authority unnecessary; that in fact is conceded by the learned counsel for the appellant. The Act of April 2, 1903, P. L. 124, amending the act of 1891, expressly provides that the report of viewers when confirmed "shall be conclusive as to any assessment made therein to pay the costs and expenses of any sewer, street or other improvement;" and gives, as did the act of 1891, the right of appeal to one whose property has been taken, injured or destroyed, and extends the right to one who is assessed for benefits to pay damages for property taken. This act is constitutional, and if a party whose property is assessed for benefits to pay, exclusively, costs and expenses of the construction of an improvement, desires to raise a question as to the legal liability of his property for assessment, or whether a wrong rule has been adopted by the viewers in apportioning the charge, he may be heard on exceptions by the court and by appeal to the appropriate appellate court, but he has no right to a jury trial upon such questions: Brackney v. Crafton Borough, 31 Pa. Superior Ct. 413; Murdoch v. Pittsburg, 223 Pa. 280. When a report of viewers does not find any property to have been damaged and does not assess any property to pay damages, an appeal and demand for a jury trial which does not expressly state that the property of the owner who attempts to appeal was in fact damaged by the improvement, but simply asserts that the viewers made a mistake in assessing the benefits to pay the costs and expenses of the improvement, the appeal should, upon motion, be stricken off by the court: Seventh Street Sewer, 35 Pa. Superior Ct. 484. The act of 1903 provides that: "Upon the trial of any such appeal in court, the report of viewers, as finally approved, confirmed, modified or changed by the court, shall be

prima facie evidence of the benefits as therein mentioned." It will be observed that it is not the report of viewers which is made evidence, for this limited purpose, but the final decree of the court approving, confirming or modifying that report. The report, as confirmed, was at the trial in the court below offered in evidence, for the purpose expressly authorized by this statute. The appellant subsequently offered in evidence the report of viewers stating that it was offered "to show what the total cost of the improvement on this alley was, and the number of feet between St. Clair street and Mellon street in order that an inference may be drawn as to what proportion was charged against this property per foot front." This offer was objected to as incompetent and irrelevant, the question of the relative amount of assessments being a question which cannot be raised on appeal. The objection was sustained, which ruling is the subject of the first specification of error. The appellant then renewed the offer of the report of viewers stating that it was for the purpose of showing "that there was a reduction made in the assessment at the two corners of St. Clair Street extending back fifty feet on James Street, and on the two corners of Mellon Street, extending back fifty feet on James Street, and that the entire cost of the improvement on James Street, from St. Clair Street to Mellon Street, was assessed upon inside properties abutting upon James Street." . This offer was objected to, "first, as contrary to all the facts and entirely opposite of what the viewers did, and secondly, as incompetent and irrelevant in this proceeding." The objection was again sustained, and this ruling is the subject of the second specification of error.

These offers of evidence were properly rejected by the court below, for the following reasons: (1) The report of viewers was not admissible generally, and the effect of the act of 1903 was only to make it admissible for the specific purpose in the statute designated; (2) when the plaintiff appealed and demanded a jury trial, under the conditions permitted by the act of 1903, the only question to be determined by the trial was the effect of the improvement upon the market value of her property. That was the test by which the jury must be governed, and by which the admissibility of any evidence offered must be

determined: Dawson v. Pittsburg, 159 Pa. 317. To the determination of that question the amount of the benefits which had been assessed upon other properties was entirely irrelevant and immaterial. The evidence as to the amount which the improvement had cost the city and as to the part of that sum which the owners of other property had been required to pay, could not have given the jury any information whatever as to the value of plaintiff's property either before or after the improvement: Carson v. Allegheny City, 213 Pa. 537. (3) The declared purpose of both of these offers was, in effect, to show that the viewers, in making the assessment for the grading, paving and curbing of this alley, had not made it according to the "foot front rule." The statutes under which this improvement was made and which authorized the assessment required that the assessment should be made upon the benefits peculiar to the properties, and did not warrant an assessment according to the "foot front rule." There is no legislation which authorizes the city of Pittsburg to assess property for benefits resulting from the grading, paving and curbing of a street, according to the "foot front rule." The viewers appointed to assess property upon the basis of the benefits peculiar to it resulting from an improvement may, when the situation of all the properties with regard to the improvement is the same, be warranted in apportioning the assessments according to the frontage, but the basis of the assessments is still the benefits peculiar to the property. In the grading of a street other elements, in addition to frontage, must also be considered, such as the depth of the property, its elevation above or depression below the grade established by the improvement, and the means of access which it had previously enjoyed over already improved highways. The effect of the admission of the evidence offered, followed by permitting the appellant to try the issue upon the theory which she advanced, would have been to require the jury to retry every assessment made by the viewers upon all the property along the line of the entire improvement, and would have obscured the issue to which the trial in such a case ought properly to be confined.

The judgment is affirmed.