## Shawkey, Appellant, v. City of Pittsburgh.

*Municipalities—Sewers—Use of street—Damages.*

A municipality has the right to use both the cartway and sidewalk of the street to whatever depth it may be desired below the

surface for sewers, water mains, etc., and any other urban uses, and for such use the owners of abutting property are not entitled to damages. It is settled law that abutting property owners on streets and alleys, in cities and boroughs, have no claim for damages by reason of the appropriation of the surface or subsurface for public improvements to the advantage and benefit of all the inhabitants.

An owner of property is not entitled to damages when the city constructs a sewer under the sidewalk in close proximity to the property line of the owner.

Argued May 3, 1922. Appeal, No. 141, April T., 1922, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1921, No. 2672, making absolute rule to strike off appeal from Board of Viewers in the case of Harvey D. Shawkey v. City of Pittsburgh. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Appeal from report of Board of Viewers. Rule to show cause why appeal should not be stricken off. Before REID, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule and struck off the appeal. Defendant appealed.

*Error assigned* was the decree of the court.

*William B. Secrist,* for appellant.

*Harry M. Irons,* Assistant City Solicitor, and with him *Richard W. Martin,* City Solicitor, for appellee.

OPINION BY PORTER, J., July 13, 1922:

The assessment from which the appellant claims the right to appeal and to a jury trial was made to pay the costs and expenses of the construction of a sewer in front of the appellant's lot. No property was appropriated in the construction of the sewer. The assessment of benefits

upon the property of the appellant was exclusively for the purpose of reimbursing the city for the cost and expense of the construction of the sewer, and not to pay damages for any property taken, injured or destroyed. Under the Act of April 2, 1903, P. L. 124, the report of a board of viewers when confirmed by the court is conclusive as to any assessment made therein to pay the costs and expenses of any street, sewer or other improvement unless an appeal is taken to the Superior or Supreme Court within thirty days; provided that within thirty days after the said report is filed, any party whose property is taken, injured or destroyed, or who is assessed benefits to pay damages for property taken, injured or destroyed, may appeal to the court of common pleas and demand a trial by jury. The act specifically provides, that: "Every appellant shall state in the appeal the grounds upon or for which the appeal is taken, and the same shall be signed by the party or parties taking the appeal, or by his or their agent or attorney; and shall be accompanied by an affidavit of the party appellant, or of his or their agent or attorney, that the appeal is not taken for the purpose of delay." It seems manifest that the legislative intention, in thus requiring the person taking an appeal and demanding a jury trial to state the grounds upon which or for which the appeal is taken was to prevent frivolous appeals and make a record from which the court could determine whether the party was really entitled to a jury trial. This plaintiff did, in his appeal, state the grounds upon which he asserted the right to a jury trial. The city presented a petition and moved the court to strike off the appeal, whereupon the court granted a rule on the plaintiff to show cause why the appeal to the common pleas should not be stricken off, which rule was, after a hearing, made absolute, and the plaintiff appeals.

The appeal filed by plaintiff in the court below recited that the sewer had been constructed under the sidewalk of the street upon which his lot abutted, "and the said

sewer was located and constructed in such close proximity to the building line of the said property that the said property was greatly injured thereby"; that the viewers assessed benefits against his property and made no allowance to him for the damages due to the location of the sewer; and that the assessment of benefits against said property "is excessive, unjust and unreasonable and far in excess of the amount that the property is specially benefited by the improvement." The assessment of benefits, for the expense and construction of the sewer, was conclusive, and from it the plaintiff had no right of appeal: Brackney v. Crafton Boro., 31 Pa. Superior Ct. 413; Murdoch v. Pittsburgh, 223 Pa. 280. The only question in this case, therefore, is did the appeal set forth such facts as to entitle the plaintiff to a jury trial upon the question of his right to recover damages for an injury to his property because of the location of the sewer under the sidewalk. There was no averment that access to the property had been interfered with, and it seems clear that such access was in no manner obstructed by the sewer, for the reason that it was constructed under the sidewalk and not over the surface. There was no allegation that the soil of the lot or any building upon it had been in any manner disturbed. The only averment is that the property was injured because the sewer "was located and constructed in such close proximity to the building line."

"It is settled law, that abutting owners on streets and alleys in cities and boroughs have no claim for damages by reason of the appropriation of the surface or subsurface for public improvements to the advantage and benefit of all the inhabitants": Dempster v. United Traction Co., 205 Pa. 76. When the construction of a sewer does not disturb the existing conditions upon the lot, the owner is not entitled to damages. "The street includes the whole of the land laid out for public use as a highway. The city determines how much of it shall be devoted to a cartway and how much to a footway, and

regulates the grading and paving of both. The separation of one from the other by a line of curbing is for the security of that part of the public that passes along the street on foot and for no other purpose." "The city has the right to use the streets and alleys to whatever depth below the surface it may be desirable to go, for sewers, gas and water mains and any other urban uses. In taking the streets for these necessary or desirable purposes it is acting not for its own profit but for the public good ......if the city abridges his (the owner's) control over the soil in and under the streets, it compensates him by making him a sharer in the public advantages that result from proper drainage, from an abundant water supply, from the general distribution of gas, and the like. The disturbance of the owner's control over the subsurface of the street is in a legal sense an invasion of his rights, but it is damnum absque injuria. He has no right of action against the municipality therefor": McDevitt v. Gas Co., 160 Pa. 374. In the light of these well-established principles, it seems clear that an owner is not entitled to damages when the city constructs a sewer under the sidewalk, in close proximity to the property line, as stated in the appeal by plaintiff. If for any reason, peculiar to the property, the location of a sewer diminishes its value, such reason should be specifically stated, in the appeal, when the owner demands a jury trial. If because of original defective construction or the failure of the city to keep this sewer in proper condition material leaks from it and invades plaintiff's lot, his remedy is by an action of trespass, but in the present case it is not even intimated that the sewer was not properly constructed. The plaintiff did not in his appeal to the common pleas state any facts which entitled him to a trial by jury, and the court did not err in striking off the appeal.

The order of the court below is affirmed and the appeal dismissed at cost of the appellant.