## In re:  Opening of Schaffer Avenue.

*Municipalities—Streets—Opening streets—Assessment of damages—Appeals—Borough Act of 1915.*

An appeal from the report of viewers, by one whose property is taken, injured or destroyed by the opening of a street, must set forth the grounds upon which the appeal is taken, in order to give notice to the Borough of the issue involved. A failure to state such reasons and to give such notice as is required by section 29, of Article II, chapter 6, of the Borough Code of 1915, is a fatal defect, and the court, on motion, will strike off the appeal.

Argued April 20, 1925.  Appeal, No. 102 April T., 1925, by Simon Siegel et al. from judgment of C. P. Washington County, November T., 1922, No. 230, dismissing appeal from Board of Viewers, In re Opening of Schaffer Avenue.  Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.  Affirmed.

Appeal from Report of Board of Viewers.  Before CUMMINS, J.

The facts are stated in the opinion of the Superior Court.

Rule to strike off appeal.  The court made absolute the rule.  Appellants appealed.

*Error assigned* was the decree of the court.

*Andrew M. Linn,* for appellants.

*A. G. Braden,* for appellee.

OPINION BY KELLER, J., July 9, 1925:

Appellants appealed to the Court of Common Pleas of Washington County from the report of viewers awarding them damages for land taken in the opening of Schaffer Avenue, in the Borough (now City) of Washington.  They failed, however, to state in or set forth with their appeal the grounds upon which it was

taken, as required by the Borough Code of 1915, chap. VI, article II, section 29, P. L. 342, which was a virtual reënactment of the same provision contained in the Act of April 2, 1903, P. L. 124. On motion of the city solicitor the court below struck off the appeal for that reason.

The Act of 1903—reënacted into the Borough Code of 1915—allowed an appeal to the court of common pleas from the report of viewers by one whose property was taken, injured or destroyed by the proposed improvement, or one who was assessed benefits to pay damages for property so taken, injured or destroyed; the purpose of the appeal being to determine by a jury trial the amount payable to the one or by the other. The method of raising any other question was by exceptions to the report: Fraser v. Pittsburgh, 41 Pa. Superior Ct. 103. By stating the ground of his appeal the appellant gives notice to the borough of the issue to be tried. If the ground stated does not constitute a proper subject for appeal, it will be stricken off: Seventh Street Sewer, 35 Pa. Superior Ct. 484.

We need not decide whether the court has power to allow the statement of ground of appeal to be filed subsequently, where the only issue involved is the question of damages, since no such application was made to the court in this case; and appellants' objections to the award seem to be based on the invalidity of the ordinance authorizing the opening of the street, under which the view was held, and its repeal by a later ordinance. An appeal is not the proper mode of testing those questions. As was pointed out by the court below the position is inconsistent, for if the ordinance was invalid or was repealed by a later ordinance, the verdict of a jury on the appeal would fall with it and amount to nothing.

The matter, in a nutshell, is that appellants seek to retain their appeal in order to compel the fulfillment by the city of an agreement to withdraw the entire pro-

ceedings alleged to have been made by the borough solicitor. The agreement was not reduced to writing, as rquired by the Washington County Rules of Court, and has been repudiated by his successor, the city solicitor. We know of no authority vested in the borough solicitor to enter into such an agreement that would bind the borough council and the fact that, pursuant to his advice, they passed the later ordinance, would not amount to an adoption of the arrangement alleged to have been entered into by him. It is not alleged that appellants were misled by the alleged agreement to withdraw the proceedings or that their failure to comply with the provision of the Borough Code before referred to was in any manner chargeable thereto or induced thereby. Their position is that the view and report were founded on an illegal ordinance, which has since been repealed by a later ordinance. A jury trial upon the amount of damages suffered by appellants is not the appropriate method of settling that question. The order of the court below must be affirmed. In so doing we are not passing upon the validity of the first ordinance or its alleged repeal by the later ordinance.

Order affirmed at the costs of the appellants.