## Kunkle's Petition.

Robert S. Spangler, for motion; James G. Glessner, contra.

SHERWOOD, J., March 5, 1928.—This is an appeal by the Borough of Goldsboro from the report of the viewers appointed by this court to assess damages to the property of David L. Kunkle, caused by the reconstruction and relocation of York Street, in said borough, said street being also known as State Highway Route 449.

On Nov. 14, 1927, David L. Kunkle moved the court to strike off said appeal for the reasons filed of record in said case. An answer was filed by the bor-

ough on Nov. 28, 1927. No replication was filed to said answer by David L. Kunkle.

The first reason assigned in support of said motion to strike off said appeal is that it fails to show any authority from the Council of the Borough of Goldsboro authorizing the same to be taken. The borough's answer avers that said appeal was taken after passage of a resolution by its town council authorizing the same. As no testimony was taken in support of this reason, and no replication was filed to the answer to the motion to strike off the appeal, the answer must be taken as true: Good v. Grit Publishing Co., 214 Pa. 614.

The second objection is that the appeal is not specific and too uncertain and indefinite; the third objection is that the appeal in no way claims that the Borough of Goldsboro is aggrieved in the action of the viewers on the assessments made by them of the damages awarded David L. Kunkle. An inspection of the appeal convinces us that it is definite and specific, in that it avers that in the construction of said street no portion of the property or land of David L. Kunkle has been condemned, taken or appropriated, as set forth in the report of the viewers, and that the said David L. Kunkle has not been cut off from ingress and regress to any portion of his property. This, in our judgment, negatives the allegation that the appeal is not specific. The appeal further avers that the damages awarded to David L. Kunkle are unconscionable and excessive. It would seem that this would follow if no land belonging to him was appropriated or taken by the borough and his right of ingress and regress not interfered with in the reconstruction of said street.

The fourth objection is that the award of the viewers is fair, reasonable and moderate. This is purely a question of fact which we cannot hear or determine on this motion.

The fifth objection is the reasons alleged in the appeal as the grounds for taking thereof are insufficient in law to authorize said appeal. The law provides that appellant shall state in his appeal the grounds upon or for which the appeal is taken, etc. It seems manifest that the legislative intention in thus requiring the person taking an appeal and demanding a jury trial to state the grounds upon which or for which the appeal is taken was to prevent frivolous appeals and make a record from which the court could determine whether the party was really entitled to a jury trial: Shawkey v. Pittsburgh, 79 Pa. Superior Ct. 31.

In this appeal the borough has set forth its grounds of appeal which raise distinctive issues of fact: First, whether, in the reconstruction of said street, any property or land of David L. Kunkle has been condemned, taken or appropriated; secondly, whether he has been cut off from ingress or regress to his property by reason of the reconstruction of said street; and, thirdly, that the damages awarded to him are unconscionable and excessive. It follows that under such allegations the appeal is not frivolous and does raise issues of fact which should be determined by a jury.

Therefore, we find no sufficient reason in any of these objections filed to justify us in striking off this appeal.

The right of appeal is favored by the law and should be recognized by the courts and sustained whenever the appellant has substantially complied with the material requirements of the law: Hanover Borough v. Frey, 30 York Leg. Record, 179.

And now, to wit, March 5, 1928, the motion to strike off the appeal is refused and overruled. *From Richard E. Cochran, York, Pa.*