## McClure v. Roaring Spring Borough

*Robert W. Smith*, for plaintiff.
*John J. Haberstroh*, for defendant.

FETTERHOOF, P. J., twentieth judicial district, specially presiding, May 6, 1938.—Defendant, a municipal corporation of the Commonwealth of Pennsylvania, condemned a small portion of ground of plaintiff and erected a retaining wall in connection with certain highway improvements in the Borough of Roaring Spring. Upon a petition to the court by plaintiff, viewers were appointed and they allowed damages to plaintiff in the sum of $200. Plaintiff, not being satisfied with the amount of damages, filed the following appeal:

"Now, October 7, 1937, William Warren McClure, Plaintiff in the above case, appeals from the award of viewers awarding him two hundred (200) dollars for damages in above-stated case and requests that the matter be referred to fully for determination."

"William Warren McClure."

The customary affidavit was made by plaintiff that the above appeal was not taken for the purpose of delay, but because he had suffered an injury, and a bond was filed in the sum of $500.

On January 24, 1938, plaintiff filed an amendment to his appeal, setting forth the fact that he was the owner of a lot on Main Street in the Borough of Roaring Spring and, being dissatisfied with the report of the board of viewers assessing his damages, assigned as the grounds for his appeal that, "the said board of viewers did not award just and adequate compensation to the said appellant for the injuries sustained to his property in the said widening of the street."

On November 8, 1937, Hon. Marion D. Patterson, presiding judge, made the following decree awarding an issue:

"Now, November 8, 1937, William Warren McClure having appealed from the award of viewers in above action, alleging the award to be unjust, an issue is hereby directed wherein William Warren McClure shall be plaintiff and the Borough of Roaring Spring shall be de-

fendant, and the said issue is hereby placed on the calendar with a purpose of determining a fair market value of the land taken and destroyed. No further pleadings shall be necessary."

The right of plaintiff to take an appeal from the award made by the board of viewers is founded upon The General Borough Act of May 4, 1927, P. L. 519, as amended by the Act of May 8, 1929, P. L. 1636, 53 PS §§13486, 13487, which is as follows:

"Within thirty days after any report of viewers is filed in court, any party whose property is taken, injured, or destroyed, or who is assessed benefits to pay for property taken, injured, or destroyed, may appeal to the court of common pleas and demand a trial by jury."

It is contended upon the part of defendant that plaintiff did not comply with the above act of assembly, in that he did not demand a jury trial. It is noted that defendant in this case also took an appeal, which appeal is substantially in the same form as that of plaintiff. Plaintiff in his appeal to the court of common pleas "requests that the matter be referred to fully for determination," and defendant uses the very same identical language. It would seem that it would be a very narrow construction to hold that plaintiff did not specifically demand a trial by jury. There is no way that this case can be referred to the court of common pleas fully for determination, other than by a jury trial.

Defendant further alleges that no legal reasons for said appeal were given, but in his amendment to the appeal plaintiff sets forth, in effect, that he did not receive just and adequate compensation for the injuries sustained to his property in the widening of Main Street in said borough.

The only issue for a jury in proceedings to assess damages for taking property for street purposes is the difference in value, if any, of the owner's land as an entirety, before and after the appropriation: Donahue v.

Punxsutawney Borough, 298 Pa. 77. Plaintiff here stated, therefore, the grounds upon which the appeal is taken, namely, that he did not receive just compensation for the damages sustained to his property, which damages, of course, can be measured only by evidence produced at trial in accordance with the above-stated law.

Defendant maintains that plaintiff has no right to amend his appeal by filing reasons for said appeal. In Womelsdorf v. Heifner, 104 Pa. 1, leave was obtained by appellant to amend his appeal from a judgment obtained against him before a justice of the peace, and the Supreme Court, speaking through Justice Paxson, stated:

"The law favors the right of appeal. It involves the right of trial by jury. Where an appeal has been taken in good faith, and within the time prescribed by law, it is usual to allow a defect to be amended. In other words, to perfect the appeal. So where a recognizance is defective, it is usual to allow it to be perfected where it produces no delay and does the other side no injury."

In Howell v. Borough of Northampton, 13 Northamp. 34, the court held:

"An appeal from the report of viewers must contain the grounds of the appeal as provided by the said Act of 1903, but where the appeal filed does not contain the grounds, the appeal will not be quashed, but an opportunity will be given to perfect same." Judge Stewart in his opinion further states:

"In In Re Widening of Twenty-fourth Street, 13 Pa. Dist. Rep., 619, the syllabus is 'An appeal from the report of a jury of view, assessing damages and benefits for the opening or widening of a street, which is filed within thirty days, as required by the Act of April 2, 1903, P. L. 124, but which fails to set forth the grounds of the appeal as required by the act, may, nevertheless, be perfected with leave of court by setting forth the necessary grounds of appeal.'"

In Black on Interpretation of Laws (2d ed.) 495, it is said:

". . . statutes giving or extending a right of appeal are always liberally construed in furtherance of justice, and the courts will endeavor to avoid putting upon them such a construction as would work a forfeiture of the right in the particular case."

This appeal, so far as the record shows, was taken in good faith and within the prescribed time, and in the light of the above case if defective as to certain statutory requirements may be perfected later, even after the time for appealing has elapsed. We cannot see that any injury will be done to the rights of defendant.

We believe the court has power to allow the amendment setting forth the ground of appeal, which was filed January 24, 1938, and therefore subsequently to the time of taking the appeal, since the only question involved in the issue is the question of damages, if any, to plaintiff. This question was raised merely by inference in the case: In re Opening of Schaffer Avenue, 86 Pa. Superior Ct. 20. We are of the opinion that the borough had ample notice of the issue to be tried, and the borough in taking its appeal must have concluded that the appeal was in proper form, because it uses practically the same language in its appeal as that of plaintiff.

Upon the motion to strike from the record the feigned issue, defendant contends that it received no notice of entering of the above decree framing the issue. However, it was argued by counsel representing petitioner that notice was given to the borough solicitor that plaintiff had taken an appeal, and that on a following Monday morning application would be made to the court to frame an issue. In open court the following Monday morning, plaintiff had an issue framed by the court. It has not been brought to the attention of this court that the rules of court of Blair County require a written notice of the time of presentation to the court to frame an issue.

And now, May 6, 1938, the amendment to the appeal as filed by plaintiff January 24, 1938, is approved; defendant's rule to show cause why the feigned issue should not be stricken from the record is discharged; and defendant is hereby ordered and decreed to pay the costs upon both rules.