## Carson *v.* Allegheny City, Appellant.

213    537
41SC¹107

*Road law—Report of viewers—Evidence—Report as prima facie evidence—Act of April 2, 1903, P. L. 124.*

On the trial of an appeal from a report of viewers assessing benefits and damages in a road case, where it appears that the report was prepared and filed in proceedings conducted under the provisions of the Act of May 16, 1891, P. L. 75, the report cannot be received as "prima facie evidence of the benefits as therein mentioned," as provided by the Act of April 2, 1903, P. L. 124.

On the trial of an appeal from the report of viewers in a road case the contract between the city and contractors for the improvement is not admissible in evidence for the defendant. Such a contract gives no information as to the value of the property before or after the improvement.

Argued Nov. 2, 1905. Appeal, No. 169, Oct. T., 1905, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1903, No. 645, on verdict for plaintiffs in case of William Carson et al. v. Allegheny City. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Appeal from report of viewers.

Verdict and judgment for plaintiff for $3,500. Defendant appealed.

On motion for a new trial FRAZER, P. J., filed the following opinion:

This was an appeal by plaintiff from a report of a board of viewers assessing benefits and damages for widening and changing the grade of West End avenue in defendant city, and is one of the few appeals taken under the act of 1901 remaining undisposed of. The report was filed in court and confirmed nisi on November 4, 1902, and that report awarded plaintiff's damages in the sum of $651.75, and assessed benefits against them in the sum of $2,900. At the trial a verdict was rendered in plaintiff's favor for $3,500. In presenting defendant's case, defendant's counsel offered in evidence the viewers' report, for the purpose of showing the award and assessment made by the board, and in support of the offer cited that part of section 6 of the Act of April 2, 1903, P. L. 124, which is as follows:

" Upon the trial of any such appeal in court, the report of viewers, as finally approved, confirmed, modified or changed by the court, shall be prima facie evidence of the benefits as therein mentioned."

An objection to the offer was sustained and upon that ruling this motion for a new trial is principally based. The act of 1903, amends sections 2 and 6 of the act of May 16, 1891, providing a new means for giving notice to property owners of the action of the viewers, and authorizing councils to provide by whom such notice shall be given. The act further requires the report to be filed in the office of the prothonotary and confirmed nisi, which report, after thirty days, becomes conclusive unless excepted to or appealed from within that time. The amended statute further requires the property owner appealing from such report to make affidavit that the appeal is not taken for delay. Then follows the clause above quoted, which defendant claims makes the report "prima facie evidence of the benefits as therein mentioned." The offer was refused because, in our opinion, this case was not within the act. The report here was made under the provisions of the act of 1891 and before the passage of the act of 1903. There is a material difference in the provisions of these acts. Upon completion of the viewers' report in this case, notice of the time and place of the viewers' meeting, to hear exceptions to their schedule of assessments for benefits and damages, was not given property owners in the manner required by the act of 1903. The report was not filed in the office of the prothonotary and confirmed nisi. Neither had appellants stated the grounds upon or for which the appeal was taken, except in a general way, nor had they made affidavit that the appeal was not intended for delay. Under these circumstances, we were of opinion the report was not admissible. While the legislature undoubtedly had the right to make the report prima facie evidence of benefits sustained, the statute should clearly show such intention. The act says " upon the trial of any such appeal in court," which it seems to us means an appeal taken in compliance with the requirements of the act of 1903, "the report . . . . shall be prima facie evidence of the benefits as therein mentioned." This language, in our opinion, refers to a report prepared and filed in accordance with the amended act of assembly, and does not

refer to a report made under a previously existing law and not prepared and filed as required by the later statute. Viewers' reports made and filed since the approval of the act of 1903 are probably admissible as prima facie evidence of benefits sustained, but those made under the act of 1891 are not, and were not intended to be by the legislature.

The second reason for a new trial refers to our refusal to admit as evidence on the part of defendant the contract between the city and the contractors for doing the grading on the street. It seems to us this reason needs no discussion. That contract could not have given the jury any information whatever as to the value of plaintiff's property either before or after the improvement. It was therefore not proper evidence.

\*        \*        \*        \*        \*        \*        \*        \*

And now, July 18, 1905, new trial refused.

*Errors assigned* were (1) refusal to admit in evidence the contract between the city and contractors; (2) refusing to admit in evidence the report of the viewers.

*W. W. Stoner*, with him *Stephen G. Porter* and *Craig Smith*, for appellant, cited: Bingaman v. Pittsburg, 147 Pa. 353; Twenty-eighth Street Sewer, 158 Pa. 464; Travers's App., 152 Pa. 129; Kille v. Reading Iron Works, 134 Pa. 225.

*Frank P. Sproul* and *Thomas M. Marshall, Jr.*, for appellee were not heard.

PER CURIAM, January 2, 1906:

Judgment affirmed on the opinion of the court below refusing a new trial.