In re Appeal of C. P. LIGHTNER, apportioning special assessments against his lands by reason of the establishment of Drainage District No. 7 in Greene County, Iowa.    C. P. LIGHTNER, Appellee, v. BOARD OF SUPERVISORS OF GREENE COUNTY, IOWA.

**Establishment of drainage districts:** ASSESSMENTS: OBJECTIONS: JURISDICTION: APPEAL. Where it appears that a board of supervisors were wholly without jurisdiction to act in the matter of establishing a drainage district and making assessments, doubtless the court on appeal has authority to dismiss the proceedings and cancel the assessments; but if the proceedings were simply erroneous, rather than wholly illegal, a property owner's exclusive remedy is by making objections thereto before the board, and in the event of an adverse ruling by appeal to the district court for trial as in equity; and on the appeal he is confined to the objections made before the board, except in so far as any additional objections filed in the district court may tend to show that the board had no jurisdiction whatever to act.

**Same.** Where proper notices have been given assessments for drainage purposes can not be defeated because of defective proceedings prior to the order of the board establishing the drainage district, as such order is conclusive of the regularity of all prior proceedings.

**Same:** NOTICE OF PETITION: PROOF OF PUBLICATION. The fact that notice of a petition for the establishment of a drainage district was published in a newspaper owned by one of the petitioners, who made the affidavit of publication, will not render the notice of proof of publication insufficient; as it would be simply defective service of notice, and failure to raise the question before the board of supervisors is a waiver of the objection.

**Same.** On appeal from an assessment for drainage purposes the sufficiency of service of notice of the pendency of the petition for the establishment of the district can not be enquired into, because the order establishing the district is conclusive of the

regularity of prior proceedings. The claim that appraisers were not properly appointed· is not jurisdictional, and failure to raise the question before the board of supervisors is a waiver of the objection.

**Same:** NOTICE TO BIDDERS: WAIVER OF DEFECT IN NOTICE. A defect in the publication of notice for bids for constructing the work, arising from the fact that after publication, as required by statute, the supervisors rejected all bids and ordered a readvertisement, which was only published one week, is not jurisdictional and does not deprive the board of power to act; and, unless the objection is filed before the board it is waived.

**Same:** WAIVER OF DEFECTS IN CLASSIFICATION AND ASSESSMENT. The failure of appraisers in apportioning special drainage assessments to· follow the statute in making their classification and assessments is a mere irregularity, not going to the question of jurisdiction, and failure to raise the objection before the board of supervisors is a waiver of the same.

**Same:** SPECIAL ASSESSMENTS: WAIVER. As a general rule, statutes relating to special assessments must be strictly followed to create liability for the same; yet, the Legislature may create a tribunal for the hearing of objections thereto, and provide that all objections not made·before such tribunal are waived.

**Same:** NOTICE OF PETITION: DEFECTS: WHO MAY URGE OBJECTIONS. A land owner appearing before the board of supervisors in proceedings for the establishment of a drainage district, and not appealing from an order establishing the district, can not urge, on appeal from special assessments, that notice of the petition for the establishment of the district was defective as to nonresident land owners.

**Same:** ASSESSMENTS: DESCRIPTION OF PROPERTY. The description of land in forty acre tracts as "N. E. qr. 13-85-31," and giving the name of the owner and amount assessed, sufficiently describes the property in proceedings to assess the same for drainage purposes.

*Appeal from Greene District Court.*—HON. Z. A. CHURCH, Judge.

SATURDAY, DECEMBER 18, 1909.

THIS is an appeal from an order of the district court canceling assessments made by the board of supervisors

against certain lands belonging to plaintiff, said assessments having been made in a proceeding for the establishment of a drainage district.—*Reversed.*

*Wilson & Albert* and *B. O. Clark,* for appellant.

*Howard & Howard,* for appellee.

Deemer, J.—Under the provisions of our drainage laws the board of supervisors of Greene County, Iowa, established what was known as "Drainage District No. 7," and pursuant thereto levied assessments for the costs, damages, cost of construction, etc., of the improvement against all the lands within said district, part of which belonged to appellee Lightner. Lightner appeared before the board, and filed objections to the proposed assessment against his lands, being eight forty-acre tracts lying within the boundaries of the proposed district. The board overruled these objections and assessed each of said forty-acre tracts with its proportion of the costs, expenses, etc. Lightner then appealed to the district court, and on the day set for hearing in that court he filed a motion to cancel the assessments upon the following grounds:

(1) That there never had been any legal establishment of the drainage district; (2) that the commissioners who made the assessment were not legally appointed; (3) that their return was void because it did not contain written out therein·the scale of one hundred, on which basis the assessments were reported to the board; (4) that the assessment was not made in the manner prescribed by law; (5) that the report of the engineer did not make a proper location of the district; (6) that the published notices on nonresident owners were void, because Paul E. Stillman, one of the petitioners for the drain, was a part owner of the Jefferson Bee, in which the notices were published; (7) same as (6); and (8) that the assessment is void because the contract for the work was let without proper notice.

The matter coming on for hearing upon said motion the following proceedings were had as shown by the record:

When the motion to cancel the assessment was made, and on its submission appellees offer and tender as witnesses the three persons who were appointed by the board as commissioners to apportion the costs, damages, expenses, etc., in this drainage district, and offered to prove, by each of them, that in performing said duties as such commissioners, that in making the estimates, the lands receiving, in their judgment, the greatest benefit were by them marked on a scale of one hundred, and those benefited in a less degree were with such percentage of one hundred as the benefit received bears in proportion thereto; and that each tract of land within said district was so marked by said commissioners, and on such basis was the assessment against each tract of land in said district assessed, but that through oversight in copying or transferring their said estimates to their report thereon, which was filed with the board through oversight or neglect the said percentages were omitted from said report; and appellees now offer, and ask the privilege of amending their report by adding thereto a table showing the percentage set opposite each tract of land in said district on which the same were based and figured by said commissioners. By the court: overruled and privilege of amendment is refused by the court, to each of which rulings at the time the appellees excepted.

The motion was then submitted and sustained, and a decree entered accordingly. The appeal is from these rulings.

The objections filed by Lightner before the board of supervisors were as follows:

(a) That there has been no valid or legal assessment made by the commissioners herein in the form and manner prescribed by law, and that said assessment is null, void, and of no force or effect. (b) That said assessment is excessive and not in proportion to the benefits said real estate will derive as compared with other real estate in said drainage district. (c) That the law under which said as-

sessment is proposed and attempted to be made is in violation of the Constitution of the State of Iowa, that it wholly deprives this objector of the right to show on appeal that said real estate would not be benefited by said proposed drain and therefore deprives this objector of the right to an appeal as to said matter; is therefore taking objector's property without due process of law, and places a charge against the lands of this objector without giving him the right to a hearing as to whether said lands will be benefited thereby and deprives him of the right of appeal thereon, and that the fact is that said land will not receive any benefits whatever from said proposed drain.    (d) That said assessment is inequitable.    (e) That no legal assessment of benefits has ever been made against said lands. (f) That said assessment was not made by the commissioners in the manner or form as required by section 12, chapter 68, of the 30th General Assembly, 1904, and is therefore void.

After a hearing upon these objections the board overruled the same, and confirmed the assessments made against Lightner's property.

It will be observed that no trial was had upon the appeal to the district court, save as the consideration of and the ruling upon the motion constituted a trial; and that

1. ESTABLISH-
MENT OF
DRAINAGE DIS-
TRICT: assess-
ments: objec-
tions: juris-
diction:
appeal.

the court denied to appellee the right of introducing testimony and of amending the return made to the district court by the board pursuant to Lightner's appeal.   From the record it is apparent that the trial court was of opinion that the board of supervisors had no jurisdiction of the proceedings and lacked power to make any assessment whatever.    Being of that mind it concluded that the district court was also without jurisdiction and it therefore, in effect, dismissed the proceedings as having been void *ab initio,* and canceled and set aside the assessments.    Now while the proceedings are somewhat unusual in that the statute provides for the filing of objections before the board, appeal to the district court, and a trial there as in equity

(see Code Supp, 1907, sections 1989-a12 and 1989-a14), yet if the board of supervisors, for any reason, never acquired any jurisdiction or right to act at all in the premises, and this clearly appears from the record, doubtless the court might, on motion, at any time during the course of or even before the trial, dismiss the entire proceedings and cancel the assessment; but before such summary proceedings can be sustained it must appear that the board was without jurisdiction to act at all in the premises.. If the proceedings were simply erroneous as distinguished from illegal, the property owner's remedy was to file objections before the board, and in the event of an adverse ruling appeal to the district court for trial as in equity. If the latter remedy is adopted the property owner is confined to the objections made by him before the board, and he can not present a new case upon appeal. Appeal and trial of a case as in equity does not warrant the making of a new case before the appellate tribunal. By section in this act shall exclude all other remedies.

The provisions of this act shall be liberally construed to promote the leveeing, ditching, draining and reclamation of wet, overflow or agricultural lands; the collection of the assessments shall not be defeated where the proper notices have been given, by reason of any defect in the proceedings occurring prior to the order of the board of supervisors locating and establishing the levee, ditch, drain or change of natural water course provided for in this act, but such order or orders shall be conclusive and final that all prior proceedings were regular and according to law unless they were appealed from. . . . And the failure to appeal from the order of the board of supervisors of which complaint is made shall be a waiver of any illegality in the proceedings and the remedies provided for in this act shall exclude all other remedies.

Save, then, as the appeal presents the question of the jurisdiction of the board of supervisors to act at all, appellee Lightner is compelled to rely upon the objections

filed by him before the board to the proposed assessments against his land, and these objections, to be considered, must point out the very defects relied upon.   Additional objections filed in the district court after appeal can not be considered save as they show that the board never had any jurisdiction whatever of the proceedings.   These are fundamental propositions, sustained by sound legal principles and fortified by abundant authority.   *Woods v. Hall,* 138 Iowa, 308; *Mackay v. County,* 137 Iowa, 88; *Stronsky v. Hickman,* 116 Iowa, 651; *Andre v. Burlington,* 141 Iowa, 533; *Nixon v. City,* 141 Iowa, 316; *Clifton Land Co. v. City,* 144 Iowa, 625.

Recurring again to section 1989-a46 of the Code Supplement of 1907 it will be observed that the collection of assessments can not be defeated, where proper notices have

2. SAME.

been given, by reason of any defect in the proceedings occurring prior to the order of the board establishing the ditch or drain and that such order shall be conclusive and final, that all prior proceedings were regular and according to law unless they are appealed from.   The same section also provides that the remedy by appeal is exclusive of all other remedies, and that failure to appeal is a waiver of any illegality in the proceedings.

Turning now to the claims made for appellee Lightner it will be observed that the only point relied upon as jurisdictional was the publication of the notice of the pen-

3. SAME: notice
of petition:
proof of
publication.

dency of the petition for the establishment of the drainage district.   This notice was published for the requisite length of time in a newspaper known as the Jefferson Bee, and proof thereof was made by affidavit of Paul E. Stillman, one of the proprietors of the paper.   It is claimed that the notice was and is insufficient and in effect no notice because Stillman was a petitioner for the establishment of the drainage district.   We do not think this objection is good.   The

notice was properly published in a newspaper of general circulation for the requisite length of time. True the affidavit as to publication was made by Stillman, one of the proprietors of the paper, and also one of the petitioners for the drainage district. There is no claim that the notice could not be published in a paper of which he was one of the proprietors. The objection is that he could not make the affidavit because of interest. There is nothing in this objection as we view it. No statute prohibits such a publication, nor is there any provision that one of the proprietors of a newspaper is disqualified, where interested, from signing an affidavit as to publication.

But however this may be, it is at most a case of defective service rather than of no service, and as Lightner did not make this objection before the board, he, by reason of the statute last referred to, waived it.

Moreover it will be observed that this is not an appeal from an order establishing the drainage district, but rather an appeal from the assessment made after the district was established. The order of the board establishing the district became a finality under the provisions of the statute before quoted.

4. SAME.

The claim that the appraisers were not properly appointed is in no sense jurisdictional, and this was not made one of the grounds of objection filed with the board. It was therefore waived.

By section 1989-a8 of the Code Supplement of 1907 it is provided that: "The board shall cause notice to be given for four consecutive weeks in some newspaper . . . of the time and place of letting the work of construction; . . . it may reject all bids and readvertise the letting of said work." The record shows that proper notice was given as required by this statute, but that on September 7, 1906, the board adopted the following resolution: "That all bids for the construction and tile, Drain No. 7,

5. SAME: notice to bidders: waiver of defect in notice.

be rejected, and P. E. Stillman ordered to readvertise for bids Drain No. 7, he agreeing to do the same free of charge."

Another notice was then published for one week only, and the board proceeded to let the contract on September 18, 1906. Proof of publication of the notice was by John H. Caughlin, as foreman of the Jefferson Bee. It is argued that to readvertise for bids means a republication of notice for the time required originally; and to say the least there is great force in this argument. We do not feel called upon to decide this point, however, for we are constrained to hold that Lightner waived it by not making any such objections before the board. The defect, even if there be one, was not jurisdictional in the sense that it deprived the board of the power to act at all in the premises. It may have been a reason for defeating the assessment had proper objection been made thereto; but it did not deprive the board of power to act in the making of the assessments. This distinction is pointed out in *Andre v. City;* and *Clifton Land Co. v. City, supra,* where the question is fully considered. *Comstock v. Eagle Grove,* 133 Iowa, 589, and *Bennett v. Emmetsburg,* 138 Iowa, 74, insofar as they announce any contrary doctrine have already been disapproved in the *Clifton Land Co.* case, *supra,* and the cases therein cited. Even were this not so they should not be regarded as controlling by reason of the special provisions of section 1989-a46, *supra,* which seems to rule the question here presented. Here, again, it is not a case of no notice at all, but of a defective notice, and as no such objection was made before the board it must be considered as waived. In a sense no doubt some notice was jurisdictional, as indicated in the cases relied upon by appellee. But where a notice is given, defects therein must be pointed out in the objections filed with the board. Irregularities in the proceedings can not be considered jurisdictional, and they are waived unless they are pre-

sented to the proper tribunal and in the manner pointed out by statute. See cases cited *supra*.

II. It is said that the appraisers did not follow the statute in making their classification and assessments, in that they did not fix a graduated scale of benefits, and did not number the lands accordingly. The board offered to amend its return by showing a compliance with the law on the part of the appraisers; but the trial court would not permit this, and it also refused to hear testimony upon the proposition. In this we think there was error. But as the case must be reversed in any event, it is not necessary to do more than notice the point. At most the defect was a mere error or irregularity which did not defeat the jurisdiction of the board. This part of the statute may well be regarded as directory only and failure to comply therewith a mere error which will not defeat the assessment in the absence of a showing of prejudice. *Ottumwa Co. v. Ainley,* 109 Iowa, 386; *City v. Quick,* 47 Iowa, 222; *Dittoe v. Davenport,* 74 Iowa, 66; *Newcomb v. City,* 86 Iowa, 291; *Arnold v. City,* 111 Iowa, 152; *In re Seattle,* 47 Wash. 42 (91 Pac. 548). Moreover no such objection was made before the board of supervisors. *Andre v. City, supra.* As no such objection was raised it must be considered waived under the provisions of the law already quoted. That the trial court should have permitted an amendment of the return, see *Meranda v. Spurlin,* 100 Ind. 380; *Rogers v. Venis,* 137 Ind. 221 (36 N. E. 841).

*6. SAME: waiver of defects in classification and assessment.*

In the absence of a statute such as 1989-a46 of the Code Supplement, it is doubtless true that many of the defects relied upon in the case might be considered in an action to enjoin the collection of the assessments, for it is a well-known rule of law that, generally speaking, statutes with reference to special taxes or assessments must be strictly followed, else no liability is created. See *Warren v. Mayor,*

*7. SAME: special assessments: waiver.*

181 Mass. 6 (62 N. E. 95) and cases cited; *Railway Co. v. City*, 112 Iowa, 300; *Polk v. McCartney*, 104 Iowa, 567. But it is competent for the Legislature to create a tribunal for the hearing of these objections, and to provide that all objections not made in such a tribunal shall be considered waived. See cases heretofore cited. No such objection as is now and here ruled was presented to the board of supervisors by proper exception or objection.

III. As Lightner did not appeal from the order establishing the district, as he might have done, the constitutional question raised or attempted to be raised is not involved. Indeed counsel do not argue the case as if it involved any violation of the fundamental law; hence we need not give that question further consideration. In this connection we may again recur to the alleged defects in the publication of the notice of the hearing on the petition for the establishment of the district. Lightner is not here relying upon the insufficiency of the notice or of the proof of service thereof upon him. Insofar as shown, he had due notice, or if not he appeared before the board and he never appealed from that order. He claims now that the notice was insufficient and defective as to others interested who were nonresidents of the state and were served by publication only. That he is in no position to complain of want of notice on other parties, see *Ross v. Board*, 128 Iowa, 427; *Head v. Brown*, 141 Iowa, 651.

8. SAME: notice of petition: defects: who may urge objections.

IV. Lastly it is argued that the description of Lightner's land, as it appears on the assessment roll was and is insufficient. It appears upon the books substantially as follows:

9. SAME: assessments: description of property.

| Description. | Owner's Name. | Amt. Ass'd. |
|---|---|---|
| ne qr. 13-85-31 | C. P. Lightner | 297.93 |

Description of each forty acres was of like import. Surely this was sufficient. It has been held sufficient as

to ordinary taxes in many cases heretofore determined and is manifestly adequate for the purposes of special assessment. *McChesney v. City,* 173 Ill. 75 (50 N. E. 191); *Railway Co. v. Monona Co.,* 144 Iowa, 171.

The trial court was in error in sustaining the motion and in rendering the decree it did. The order and decree must therefore be, and it is, *reversed.*