J. A. KOONTZ, Appellant, v. THE CITY OF CENTERVILLE, IOWA, Appellee.

**Municipal corporations:** SPECIAL ASSESSMENTS: OBJECTIONS. Objec-
1  tions to a proposed special assessment must clearly point out the illegality complained of; the bare statement that the assessment was not levied according to law, or that the statute authorizing the assessment is unconstitutional, is too indefinite to present those questions for consideration.

**Same.** An objection that the contract for a public improvement was
2  not made in accordance with law, but failing to point out wherein the law was violated, was too indefinite to raise that question for consideration, and the council was justified in ignoring it.

**Same:** SPECIAL ASSESSMENTS: JURISDICTION. Where jurisdiction to
3  order an improvement and to make a special assessment therefor has been once regularly acquired by the city council, it is not lost by subsequent irregularities or errors, which can be remedied by appeal. Thus where the council upon opening bids for an improvement rejected them all and re-advertised, the fact that the second publication of notice to bidders may have been defective did not affect the jurisdiction of the council to make the assessment.

*Appeal from Appanoose District Court.*—HON. D. M. ANDER-
SON, Judge.

Thursday, October 23, 1913.

The opinion states the case.—*Affirmed.*

*Wilson & Smith,* for appellant.

*Porter & Greenleaf,* for appellee.

Weaver, C. J.—I. Certain streets of the city of Center-ville were duly ordered paved, and, the work having been completed, a proposed schedule of assessments·upon adjacent property for the expense of such improve-

1. Municipal corporations: special assessments: objections.

ment·was prepared and a day fixed for the hearing of objections thereto. Notice of this meeting was duly published. The plaintiff herein, J. A. Koontz, was the owner of two separate lots mentioned in the record as his residence lot and barn lot, both of which abutted upon the improvement. The special assessment reported for the action of the council provided for a charge upon the residence lot of $349.89 and upon the barn lot of $398.60. At the appointed time plaintiff appeared before the council and filed written objection to the assess-ments. Most of these objections are entirely too vague and indefinite to raise any issue. For example: First, it is objected that the assessment is "not levied according to law," but there is no averment or suggestion in what respect it does not comply with the statute; second, it is said the "statute authorizing such assessment is unconstitutional," but in what respect and how unconstitutional nothing is alleged or shown —and so on through the list, excepting from this criticism the sixth objection, which is that the assessment is in excess of the actual benefits accruing to the property by reason of the improvement, and the ninth objection that the assessments complained of are in excess of one-fourth the actual value of the property proposed to be charged therewith.

Having heard the exceptions taken by plaintiff the coun-cil reduced the assessment on the barn lot to $200, but declined

to make any change in the amount charged to the residence property. Plaintiff thereupon prosecuted an appeal to the district court. In that court his chief claim was that the entire tax was invalid because of alleged want of jurisdiction in the council to assess it. To an understanding of this proposition it should be said that among the indefinite objections presented to the council was one reading as follows: ''That the contract for said paving was not let in accordance with the provisions of the law governing the same.'' In what respect the letting of the contract was irregular or defective there is no hint or statement of any kind, and we think the council could properly ignore it as raising no question for its consideration. *Andre v. Burlington,* 141 Iowa, 65; *Lightner v. Greene County,* 145 Iowa, 103.

2. SAME.

In the district court, however, the objection was raised anew as one going to the jurisdiction of the council to levy any assessment whatever, and the specific objection then brought forward was that the notice to bidders was not published as provided by statute, and for that reason the letting of the contract and all proceedings thereafter had were void. The facts developed were as follows. The council first fixed May 2, 1910, for the opening and consideration of bids, and of this order full and complete statutory notice was given. On the day named an examination of the bids led the council to declare them all unsatisfactory, and to name May 13, 1910, as the date for receiving other bids. Notice of such new or postponed meeting was given by publication on May 3d and 4th. This is said to have been insufficient because there were but two publications where there should have been three, and there were less than ten days between said publications and the date of opening the bids. Assuming, without here deciding, that the publication of notice was defective, it does not go to the jurisdiction of the council to make the assessment. Plaintiff's chief reliance at this point is upon certain language employed by the late Justice Bishop in *Com-*

3. SAME: special assessments: jurisdiction.

*stock v. Eagle Grove,* 133 Iowa, 589, and *Bennett v. Emmetsburg,* 138 Iowa, 68. So far as those precedents sustain the proposition that where jurisdiction of proceedings for a street improvement has been once regularly acquired by the city council (and the appellant raises no question of the regularity of the initial proceedings), it may be lost by subsequent irregularity or error for which the statutory right of appeal affords an efficient remedy, they have been distinctly overruled, and the rule is now thoroughly well established that such objection is not in itself sufficient to constitute ground upon which to challenge the validity of an assessment. *Clifton Land Co. v. Des Moines,* 144 Iowa, 625. It has been so held upon a state of facts substantially parallel with those in the case at bar. *Lightner v. Greene Co.,* 145 Iowa, 103.

To adopt the rule contended for by plaintiff is to sacrifice the very right involved in such controversies to a matter of form, the failure to observe which does not appear to have prejudiced plaintiff in the slightest degree, and thereby give to him and his property the benefit of a valuable street improvement to which he shall not be required to contribute a dollar. There is neither suggestion nor proof that the bidding was not fairly conducted, or that any bidder was misled, or that another publication of the notice would have been of the slightest advantage to anybody, or that the price at which the paving was let was in the least greater than it was fairly worth. We will not reverse on any such unsubstantial grounds.

The only objection made by plaintiff having any apparent merit is that the assessment against his barn lot was in excess of one-fourth of its actual value. That objection was sustained by the council, and a very liberal cut of about 50 per cent. made in the assessment, and even this figure was again cut in two by the district court.

The record shows nothing of which appellant can justly complain, and the judgment appealed from is *Affirmed.*

DEEMER, GAYNOR, and WITHROW, JJ., concurring.