ALEXANDER McKENZIE, Ruth Rodman, and Amy Rodman v. CITY OF MANDAN, County of Morton, O. H. Killand, County Treasurer, and H. H. Harmon, County Auditor.

(147 N. W. 808.)

**City ordinance — sewer district — description — sufficiency.**

1. A description in an ordinance creating a sewer district, which reads: "All lots and parts of lots, all blocks and parts of blocks, and all other parcels of land within the city of Mandan, Morton county, North Dakota, as the same

---

Note.—As to what property is liable for assessment for construction of drains or sewers, see notes in 58 L.R.A. 353, and 26 L.R.A.(N.S.) 973.

is now platted and recorded in the office of the register of deeds in and for said Morton county, which lies north of the right of way of the Northern Pacific Railway Company, including Mandan Proper, First Northern Pacific Addition to Mandan, Heart View Addition to Mandan, that portion of Mead's Addition to Mandan lying north of said right of way, and all of Helmsworth & McLean's Addition to Mandan, and all of said right of way belonging to the said Northern Pacific Railway Company,"—is held to include that portion of Helmsworth & McLean's Addition which lies south of the railway track, as well as that portion which lies north thereof.

**Special assessments — basis of — benefits — inspection — commission.**

2. Sec. 2801, Rev. Codes 1905, requires special assessments to be made on the basis of benefits, and of benefits alone. It specifically requires an inspection of the lots or parcels of land by the commission, and a complete list of both the benefits and the assessments to be made.

**Commission — benefits — methods — levy of assessments — void — collection enjoined — objections to void assessments — not necessary.**

3. If, in seeking to levy an assessment under § 2801, Rev. Codes 1905, the commission neglects to inspect the land and to make, or cause to be made, a complete list of both the benefits and the assessments, or in computing such assessment adopts a method which is unwarranted by the statute, the assessment is void; and property owners will not be precluded from bringing an action in a court of equity to enjoin the collection of the same by the mere fact that they did not appear before the board of commissioners or the city council to object to such assessment.

**Assessments — objections to — must be made before commission — suit in equity — legality of methods.**

4. Objections to an assessment, which seek to correct errors in judgment and mistakes as to the real amount the property is benefited, must be urged before the commissioners and the city council, and if not so urged, cannot afterwards be relied upon in a subsequent suit in equity to restrain the collection of such assessment. This is not true, however, of objections which involve the legality of the proceedings, and raise the question that the method pursued was contrary to that provided by the statute.

**Special assessment commission — action — complaint — sufficiency.**

5. A complaint which alleges "that such special assessment commission, in attempting to determine the actual benefits to accrue to the lots and parcels of land in said pretended assessment district by the construction of said sewer, acted arbitrarily and unlawfully and by an inflexible rule, and totally failed and neglected to exercise any discretion; that it did not determine said benefits, if any there were, at the time nor in the manner prescribed by law, but, first determining arbitrarily how much the cost of said sewer and of said trunk line should be borne by each of the lots in said district, and having so deter-

mined the amount to assess against each lot and parcel of land arbitrarily and illegally as aforesaid, and basing the estimate of benefits upon the cost of the sewer and the proportion thereof assessed to each lot and parcel of land, determined that each lot or parcel of land in said district was benefited 50 per cent more than the proportion of cost so assessed; and this, though many of the lots and parcels of land in said sewer district were not benefited at all by said sewer, and some were benefited more than others, and some were so situated that said sewer could not serve them,"—shows and alleges a method of procedure on the part of the commissioners which is not warranted by § 2801, Rev. Codes 1905, and it is illegal.

**Ordinance — sewer district — creation of — immaterial matter — surplusage — subject-matter — complete.**

6. An ordinance which creates a sewer district is not invalid because it contains a clause to the effect that said district is "created for all purposes of local improvement within the boundaries thereof, contemplated by the provisions of the laws of North Dakota, as laid down in article 18, chapter 30, of the Political Code of 1905." Even if such clause cannot be construed as relating to sewer purposes, merely, it may be stricken from the ordinance as surplusage, and if the said ordinance is otherwise complete and connected in subject-matter, the ordinance may stand and be enforceable after such exclusion.

**Ordinance — sewer district — title of — purpose — intention of council.**

7. Where an ordinance creating a sewer district contains a provision that the district so established "is so created for all purposes of local improvement within the boundaries thereof, contemplated by the provisions of the laws of North Dakota, as laid down by article 18, chapter 30, of the Political Code of 1905," and the title of the ordinance is "An Ordinance Creating and Establishing Sewer Improvement District Number One, in the City of Mandan, North Dakota, and Defining the Boundaries of the Same," and no other improvement is spoken of in the ordinance but that of a sewer,—the title may be used for the purpose of arriving at the intention of the council, and the said clause may be construed as relating merely to sewer purposes.

**Sewers — advertisements for bids — plans — specifications — requirements — warrants — rate of interest — cash cases — mandatory — defects — cured.**

8. Sec. 2780, Rev. Codes 1905, as amended by chapter 46 of the Laws of 1907, and which as so amended provides that advertisements for bids for the construction of sewers "shall specify the work to be done, according to the plans and specifications therefor on file in the auditor's office, and shall call for bids therefor upon a basis of cash payment for said work, and state the time within which such bids will be received and within which such work is to be completed. The city council may also require bidders to state the rate of interest the warrants shall bear (not exceeding 7 per cent per annum) which

are to be received and accepted by them at par in payment for such work,"— is mandatory, and must be reasonably complied with in so far as the provision in regard to the bids upon a cash basis and the rate of interest which the warrants shall bear are concerned, though a defect in the advertisement in this respect may be cured by the fact that all of the bids are in fact upon a cash basis, and give the rate of interest which the warrants, if any, shall bear.

Opinion filed May 6, 1914.

Appeal from the District Court of Morton County, *Nuchols, J.*

Action to restrain the collection of a special assessment sought to be levied under chapter 62 of the Laws of 1905. Judgment for defendants sustaining a demurrer to the complaint. Plaintiffs appeal.

Reversed.

*W. H. Stutsman,* for appellant.

Plaintiff's property is not within the sewer district as created by the ordinance, and hence it is not subject to the tax. Neher v. McCook County, 11 S. D. 422, 78 N. W. 998; Dumas v. Doulin, 1 McGloin (La.) 275; Hibberd v. Slack, 84 Fed. 577; Re Goetz, 71 App. Div. 272, 75 N. Y. Supp. 750.

The call for bids must require a rate of interest to be stated, and also a cash basis or bid. Whittaker v. Deadwood, 23 S. D. 538, 139 Am. St. Rep. 1076, 122 N. W. 592; Rev. Codes 1905, §§ 2780 & 2792.

The assessment of benefits was arbitrary, and does not evince the exercise of any judgment; and the assessment itself was based upon the cost of the sewer, and not on the actual benefits. Watkins v. Zwietusch, 47 Wis. 515, 3 N. W. 35; Johnson v. Milwaukee, 40 Wis. 315; Loewenbach v. Milwaukee, 139 Wis. 49, 119 N. W. 888; State ex rel. Shannon v. District Judges, 51 Minn. 539, 53 N. W. 800; State ex rel. Cunningham v. District Ct. 29 Minn. 62, 11 N. W. 133; Chamberlain v. Clevcland, 34 Ohio St. 551; Clapp v. Hartford, 35 Conn. 66.

The benefits shall be assessed upon the owners in proportion to the advantage which each parcel of land is deemed to acquire by the improvement. Grand Rapids School Furniture Co. v. Grand Rapids, 92 Mich. 564, 52 N. W. 1028; People ex rel. Connelly v. Reis, 109 App. Div. 748, 96 N. Y. Supp. 597; People ex rel. Tietjen v. Reis, 109

App. Div. 919, 96 N. Y. Supp. 601; Rolph v. Fargo, 7 N. D. 640, 42 L.R.A. 646, 76 N. W. 242.

*L. H. Connolly,* for respondent.

The ordinary rules of grammar will be applied for the purpose of ascertaining the meaning of a statute. These are, however, merely rules of construction, and must yield to the clearly disclosed legislative intent. 36 Cyc. 1117; Rev. Codes 1905, §§ 2771–2773; State v. Schaffer, 95 Minn. 311, 104 N. W. 139.

If error was committed, it does not vitiate the proceedings. Rev. Codes 1905, § 2789.

Where the council has regularly reassessed property for street improvements, and has given notice to the owners to file objections to such assessment within a certain time, as by law required, an owner who fails to object cannot afterwards dispute the validity of the assessment. McNamee v. Tacoma, 24 Wash. 591, 64 Pac. 791; Tumwater v. Pix, 18 Wash. 153, 51 Pac. 353.

The determination of the board of drain commissioners that lands are benefited by a drain is conclusive, except in case of fraud. Alstad v. Sim, 15 N. D. 629, 109 N. W. 66; Erickson v. Cass County, 11 N. D. 494, 92 N. W. 841.

BRUCE, J. This is an appeal from an order sustaining a demurrer to a complaint in which the owners of a tract of land within the limits of the city of Mandan, North Dakota, seek to restrain the collection of a special assessment or sewer tax sought to be levied under chapter 62 of the Laws of 1905.

The first ground urged in favor of the complaint and against the demurrer is that the complaint shows upon its face that the property of the plaintiffs is not included within the sewer district as created by the council. The complaint shows that the plaintiffs' property is situated in or comprises that portion of Helmsworth & McLean's Addition which lies south of the Northern Pacific railway track. It appears that north of the Northern Pacific railway track is an addition known as Heart View Addition to Mandan, another known as Mandan Proper, another known as First Northern Pacific Addition to Mandan, another which is known as Mead's Addition, and also a part of the addition which is known as Helmsworth & McLean's Addition. The

complaint further alleges that that part of Helmsworth & McLean's Addition which lies south of the railroad track, and which is owned by the plaintiffs "was at one time platted as a part of Helmsworth & McLean's Addition to the town of Mandan, but no lots were ever sold out of said tract, and the portion of said platted addition lying south of said Northern Pacific railway was abandoned, and the same has reverted to acreage property, and the same is now occupied and used by the plaintiffs as one tract of land." It is also alleged that "the city of Mandan, as a part of said sewer system, has at great expense (a part of which expense has been illegally and unlawfully assessed against the land of plaintiffs as aforesaid), constructed and now maintains a pumping station for the purpose of pumping sewage and waste from said sewer system into the Heart river at a point above the land of plaintiffs, said land being located between said pumping station and the outlet of said sewer into the Heart river; and at times when said river is high the sewage does not enter into said river, but the waters of said river back into said sewer, and said pumping station is used to force said waters and said sewage back again into said river."

The ordinance under which the sewer improvement district was created described the district as follows: "All lots and parts of lots, all blocks and parts of blocks, and all other parcels of land within the city of Mandan, Morton county, North Dakota, as the same is now platted and recorded in the office of the register of deeds in and for said Morton county, *which lies north of the right of way of the Northern Pacific Railway Company,* including Mandan Proper, First Northern Pacific Addition to Mandan, Heart View Addition to Mandan, that portion of Mead's Addition to Mandan lying north of said right of way, and all of Helmsworth & McLean's addition to Mandan, and all of said right of way belonging to the Northern Pacific Railway Company."

It is urged by counsel for plaintiffs that the land of plaintiffs cannot possibly be embraced within the land described in the ordinance, because a smaller cannot include a greater, and the only construction can be that only that part of Mandan which lies north of the track should be comprehended. We cannot, however, so limit the use of the word "include," or ignore what to us is the plain intention of the ordinance. If the word "including" limits the ordinance so that only that part which is north of the track is embraced, how can "all of said right of way

belonging to said Northern Pacific Railway Company" be embraced? If the smaller portion cannot include the greater, how can this territory be held to be included within the territory north of the track? That it is intended to be included, however, is too clear for argument, and there is no contention on the part of appellants that it was not so intended to be included. So, too, why did the council specifically state that "that part of Mead's Addition lying *north* of said right of way" should be included, specifically describing the part which was north of the track alone, but when it came to speak of Helmsworth & McLean's Addition, speak of it as *"all* of Helmsworth & McLean's Addition." It is true that it is stated that the land is now merely used as acreage property, but it is none the less a part of the addition mentioned.

The next point of appellants is, we believe, well taken, and in itself would justify an overruling of the demurrer and a reversal of the judgment. It is based upon the allegation "that such special assessment commission, in attempting to determine the actual benefits to accrue to the lots and parcels of land in said pretended assessment district by the construction of said sewer, acted arbitrarily and unlawfully and by an inflexible rule, and totally failed and neglected to exercise any discretion; that it did not determine said benefits, if any there were, at the time nor in the manner prescribed by law, but, first determining arbitrarily how much the cost of said sewer and of said trunk line should be borne by each of the lots in said district, and having so determined the amount to assess against each lot and parcel of land, determined that each lot or parcel of land in said district was benefited 50 per cent more than the proportion of cost so assessed; and this, though many of the lots and parcels of land in said sewer district were not benefited at all by said sewer, and some were benefited more than others, and some were so situated that said sewer could not serve them." We deem this allegation sufficient to entitle the plaintiffs to a hearing upon the points therein involved, the action having been brought within the period of six months prescribed by § 2790, Rev. Codes 1905.

No matter what may have been the rule prior to the passage of chapter 62 of the Laws of 1905, there can be no doubt that the legislature in that act put itself clearly on record as requiring all assessments to be made on the basis of benefits, and of benefits alone. It was specific in the matter, so that there could be no evasion and no dispute.

It specifically required an *inspection* of the lots or parcels of land by the commission. It required the commission to make or cause to be made a complete list of both the *benefits* and the assessments, "setting forth each lot or tract of land assessed, and the amount such lot is *benefited* by the improvement and the amount assessed against it." See § 2801, Rev. Codes 1905. It, in fact, required that assessments should not be arbitrarily made, but that the actual benefits, as well as the apportionment of the asssessment, should be found and given, to the end that the assessment might not only be in proportion to the benefits, but that the owners and the public might know the actual and proportional basis on which the assessments were levied.

We believe that the plan charged in the complaint to have been pursued in the case at bar is an arbitrary plan, which is absolutely unwarranted by § 2801, Rev. Codes 1905, and which is universally condemned by the authorities where the statutes require the assessments to be levied on the basis of benefits. See State ex rel. Cunningham v. District Ct. 29 Minn. 62, 11 N. W. 133; Loewenbach v. Milwaukee, 139 Wis. 49, 119 N. W. 888; State ex rel. Shannon v. District Judges, 51 Minn. 539, 53 N. W. 800; Robertson Lumber Co. v. Grand Forks, post, 556, 147 N. W. 249.

Nor do we believe that the complaint lacks in equity because it fails to allege that this specific objection was raised before the commissioners or before the council. It is not an objection which involves an error in judgment, but one which is directed to the method by which the assessment was levied. It does not raise the objection that a mistake was made as to the real amount the property was benefited, or that there was a mistake in the computation of the asssessment, but it raises the point that the commission had no jurisdiction whatever to levy the assessment because it had failed to comply with the terms of the statute upon which its jurisdiction was based. Such being the case, it was not necessary that the point should have been raised prior to the proceedings in equity. Robertson Lumber Co. v. Grand Forks, supra; State ex rel. Cunningham v. District Ct. 29 Minn. 62, 11 N. W. 133; Watkins v. Zwietusch, 47 Wis. 515, 3 N. W. 35; Johnson v. Milwaukee, 40 Wis. 315; Watkins v. Milwaukee, 52 Wis. 98, 8 N. W. 823; Whittaker v. Deadwood, 23 S. D. 538, 139 Am. St. Rep. 1076, 122 N. W. 590, 592; Spence v. Milwaukee, 132 Wis. 669, 113 N. W. 38.

There is no merit in the objection that the ordinance creating the sewerage district is invalid because of § 2, which provides "that the sewer improvement district hereinbefore created and established is so created for all purposes of local improvement within the boundaries thereof, contemplated by the provisions of the laws of North Dakota as laid down in article 18, chapter 30, of the Political Code of 1905." It is argued that this provision is invalid, and that the whole of the ordinance is invalid because chapter 30 of the Political Code relates to sidewalks, paving, and water mains, as well as to sewerage, and that it was not contemplated in said acts that one district should be made for all purposes. It seems quite clear to us, however, that § 2 should be construed as merely relating to "all purposes of local improvement" connected with the sewer in question. The title of the ordinance is "An Ordinance Creating and Establishing Sewer Improvement District Number One, in the City of Mandan, North Dakota, and Defining the Boundaries of the Same." No other improvement is spoken of in the title, and though the title is not a part of an act, it can be used for the purpose of arriving at the legislative intention. If the ordinance were an act of the legislature, all that the court would do, even under the construction of counsel for appellant, would be to strike out § 2 as not being expressed in the title, and would retain the rest of the ordinance, as, even after § 2 has been eliminated the ordinance has enough in it to make it a valid enactment. Its provisions are connected in subject-matter and depend upon each other. They operate together for the same purpose, and are so connected in meaning that it can be presumed that the legislature would have passed the act even without the section just now under criticism. See Malin v. Lamoure, ante, 140. 50 L.R.A.(N.S.) 997, 145 N. W. 582, 587; Cooley, Const. Lim. 7th ed. 246.

The point is also made that the call for bids did not require the rate of interest to be given, or require the bids to be on a cash basis. Sec. 2780, Rev. Codes 1905, requires that the advertisements for bids "shall call for bids therefor upon a basis for cash payment for said work." This section was amended by chapter 46 of the Laws of 1907, and as amended ran, "shall specify the work to be done according to the plans and specifications therefor upon a basis of cash payment for said work,

and state the time within which such bids shall be received and within which such work is to be completed. The city council may also require bidders to state the rate of interest the warrants shall bear (not exceeding 7 per cent per annum) which are to be received and accepted by them at par in payment for such work." These cash requirements are also emphasized in § 2783, Rev. Codes 1905, as amended by chapter 46, Laws of 1907.

It is clear to us that bids upon a basis of cash payment are required and provided for, even though payment by warrants is contemplated. It is also clear to us that the word "may" in the clause, "may also require the bidders to state the rate of interest," means "must," where the payment is intended to be in warrants, but of course means "may" and is permissive in the sense that the statement of the rate of interest would only be necessary when the payment by warrants was contemplated. The reason for the provision could nowhere be better illustrated than in the case which is before us. The warrants run for twenty years and at 7 per cent. The original contract price was $46,-000. It would have been better for the municipality to have accepted a bid for $50,000, provided that the warrants had run at 6 per cent, and for a still larger sum if the warrants had run at a lower rate of interest. A deduction of only one per cent in the interest would have made a difference of $4,400. It can easily be seen that there was a reason for the legislative requirement that the rate of interest required should be given in the bids, and it is clear that competition in the matter of interest is just as essential as competition in the contract price.

Statutory requirements of the nature of those before us must be at least reasonably complied with, and the demurrer therefore should have been overruled. Robertson Lumber Co. v. Grand Forks, post, 556, 147 N. W. 249; Whittaker v. Deadwood, 23 S. D. 538, 139 Am. St. Rep. 1076, 122 N. W. 590, 592. We do not say, however, that an assessment is absolutely and necessarily invalidated by an omission in the advertisement to call for bids on a cash basis, and an omission to require a statement of the rate of interest. It may or may not be. We, for instance, believe that if the proposals for bids are in fact on a cash basis, and the rate of interest is in fact given, the error may be cured

by the bids themselves. We believe, however, that the complaint, standing alone, states a cause of action.

The judgment of the District Court is reversed, and the cause is remanded for further proceedings according to law.