ALEXANDER McKENZIE, Ruth Rodman, Amy Rodman v. CITY OF MANDAN, County of Morton, O. H. Killand, County Treasurer, H. H. Harmon, County Auditor.

(160 N. W. 852.)

**City council — bids — advertising for — cash-payment basis — interest — rate of — mandatory — pleading — statutes — compliance with.**

1. Section 3705 of the Compiled Laws of 1913, which provides, among other things, that in advertising for bids the city council shall call for bids upon a basis of cash payment, and that "the city council may also require bidders to state the rate of interest the warrant shall bear," is mandatory in its nature, and a pleading does not show a compliance with the statute which admits that the advertisement "did not call for bids upon a cash basis or require the bidders to state the rate of interest the warrant should bear," and merely alleges "that part of the proposals for bids which the city commission acted upon and considered at the time of the awarding of the contract was in fact upon a cash basis, and the rate of interest was in fact stated in the said proposals for bids."

**Advertisement for bids — error in — statute — compliance with — bidders — others precluded from — by such error — contract.**

2. A defect in an advertisement for bids under the provisions of § 3705, Compiled Laws of 1913, is not cured, even though all the bidders bid upon a cash basis and state the rate of interest, if any others are precluded from bidding on account of a belief that because of a defect in the advertisement any contract that would be entered into would be illegal.

**Local improvement — commissioners — bids — failure to advertise for — assessment — set aside — action to — court — reassessment — amount of — determination — contract.**

3. Where a local improvement is completed, but the commissioners failed to advertise for bids as required by § 3705, Compiled Laws 1913, and an action is brought to set aside the assessment, the court should himself make a reassessment under the provisions of § 3715, Compiled Laws 1913, in so far as the objector is concerned, and should ascertain "the true and just amount which the property attempted to be so assessed by said special assessment should pay." In determining the amount that should be paid, however, the total cost of the improvement should not be arbitrarily fixed at the amount paid for the work or at the amount of the bid which was accepted, but at the reasonable cost of such improvement, but not exceeding the amount of the contract.

Opinion filed December.

Appeal from the District Court of Morton County, *S. L. Nuchols*, J.

Action to set aside a special assessment and to enjoin the collection of the same.

Judgment for plaintiffs. Defendants appeal.

Reversed.

*L. H. Connolly,* for appellants.

Where a city advertises for bids on a public improvement, and fails to cover and insert material matters, such errors may be cured by the bidders and the bids themselves. Fuerst v. Semmler, 28 N. D. 411, 149 N. W. 115; McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808.

*W. H. Stutsman,* for respondents.

When a city advertises for bids for a public improvement and asks bidders to state the rate of interest which the warrants to be issued therefor should bear, all bidders must comply with such advertisement. McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808.

Bruce, J. This case has been here before. 27 N. D. 546, 147 N. W. 808. On the former appeal we held that the provisions of § 2780, Revised Codes 1905, Comp. Laws 1913, § 3705, that the city council "may require bidders to state the rate of interest the warrant shall bear" were mandatory. We, however, incidentally stated that the defect in the advertisement in this respect might be cured by the fact that all the bids were in fact upon a cash basis and gave the rate of interest which the warrant, if any, should bear.

The present appeal is from an order sustaining a demurrer to the answer and entering judgment in favor of the plaintiffs. The question at issue is the sufficiency of paragraph 4 of the answer, which alleges that; "as to paragraph 8 of said complaint, the defendant admits that the advertisement for bids did not call for bids upon a cash basis or require the bidders to state the rate of interest the warrants should bear to be accepted by them in payment for the work, but defendant alleges the fact to be that the said assessment is not invalidated by the said omission for the reason that part of the proposals for bids which the city commission acted upon and considered at the time of the awarding of the contract was in fact upon a cash basis, and the rate of interest was in fact stated in the said proposals for bids."

We are satisfied that the allegation of the answer was not sufficient

to overcome the objection raised in 27 N. D. 546. We have no means of knowing the nature of the other bids and therefore of knowing the full effect of the omission in the advertisement. The advertisement being irregular, the burden of proof and of allegation is certainly upon the city to show that no detriment was occasioned thereby.

Counsel for respondent also raises the question that the language used in the opinion in 27 N. D. 546, was too sweeping and should be modified so as to state that a defect in the advertisement can in no event be cured, even though all the bidders bid upon a cash basis, and state the rate of interest, if any others are precluded from bidding on account of a belief that, because of the defect in the advertisement, any contract that would be entered into would be illegal. We believe that there is merit in this contention, and that the language of the opinion should be so modified.

Our conclusion from what we have above stated is that the trial court did not err in sustaining the demurrer to the complaint.

We are of the opinion, however, that he should not have entered the judgment which is appealed from, and that our statutes do not contemplate that one who has been benefited by an improvement shall escape all liability because of an error or omission in the proceedings.

Section 3713, Comp. Laws 1913, provides that "in all cases where any assessment, or any part thereof, as to any lot, lots or parcels of land assessed under any of the provisions of this article, or of any law of any city prior to this article, *for any cause whatever, whether jurisdictional or otherwise, shall be set aside, or declared void by any court,* the city council shall, without unnecessary delay, cause a reassessment or new assessment to defray the expense of such improvement to be made, . . . and in all cases . . . where any court shall hereafter set aside or declare void any assessment upon any lot or parcel of land *for any cause,* the said lot or parcel of land may be reassessed or newly assessed from time to time, until each separate lot, piece or parcel of land has paid its proportionate part of the costs and expenses of such improvement, as near as may be; provided, that when any special assessment shall be declared void, or set aside by judgment of the supreme court, for a cause affecting other like assessments, all assessments so affected may be vacated by resolution of the city council, and thereupon a reassessment of the property affected

thereby shall be made as herein provided, and may bear interest as hereinbefore provided."

Section 3714, Comp. Laws 1913, provides that *"no error or omission which may be made in the proceedings of the city council, or of any officer of said city in referring, reporting upon, ordering or otherwise acting concerning any local improvement provided for in this article, or in making or certifying any assessment, shall vitiate or in any way affect any such assessment, but if it shall appear that by reason of such error or omission substantial injury has been done to the party or parties claiming to be aggrieved, the court shall alter such assessment as may be just and the same shall then be enforced."*

Section 3715, Comp. Laws 1913, which seems directly applicable to the present action reads as follows: *"Whenever any action or proceeding shall be commenced and maintained before any court to prevent or restrain the collection of any special assessment or part thereof, made or levied by the officers of any city for any purpose authorized by law, . . . and such assessment shall be held to be void by reason of noncompliance with this article, the court shall determine the true and just amount which the property attempted to be so assessed by said special assessment should pay, to make the same uniform with other special assessments for the same purpose, and the amount of such assessments as the same appears on the assessment list thereof, shall be prima facie evidence of such true and just amount, and judgment must be rendered and given therefor against the party liable for such special assessment, without regard to the proceedings had for the levy thereof,* and such judgment shall be a lien upon the property upon which a special assessment shall have been levied, of equal force and effect as the lien of special assessments, and the lien of such special judgment shall be enforced by the court in such action; provided, that no action for either of said purposes shall be maintained unless it is commenced within six months after such special assessment is approved, and in case of such assessment heretofore approved, within six months after this article takes effect."

It seems clear from a perusal of these statutes that instead of entering the judgment appealed from, the court should have made a reassessment as far as the plaintiff is concerned under the provisions of § 3715, and upon the canceling of the tax or special assessment for-

merly levied should have required the payment of this new amount. The statute requires, in such a case, an assessment against the objector of "the true and just amount which the property attempted to be so assessed by said special assessment should pay, to make the same uniform with other special assessments for the same purpose."

It is clear, however, that in determining the amount the plaintiff shall pay, the total cost of the improvement should not be arbitrarily fixed at the amount actually paid for the work or at the amount of the bid which was accepted, but at the reasonable cost of such improvement, but not exceeding the contract price.

The judgment of the District Court is reversed and the cause is remanded for further proceedings according to law and as outlined in this opinion.

CHRISTIANSON, J. (concurring in part and dissenting in part). I concur in a reversal of the judgment in this case, but I am unable to concur in that portion of the opinion which holds that the demurrer to the answer was properly sustained.

The question involved on this appeal arises on a demurrer to the answer, and involves the sufficiency of the advertisement for bids for the construction of a sewer. The majority opinion holds that the advertisement was jurisdictionally defective, and that by reason of such defect the assessment subsequently levied was invalid. On a former appeal (McKenzie v. Mandan, 27 N. D. 546, 147 N. W. 808), this court held that the complaint (which, among other things, alleged an arbitrary apportionment of the costs of construction without regard to benefits) stated a cause of action. When the case had been remanded to the district court, the defendants interposed an answer wherein this allegation of the complaint is denied, thereby making it an issue of fact whether the special assessment commission did assess the benefits. Hence, this part of the cause of action is not involved on this appeal.

The complaint also alleges that the board of city commissioners of Mandan, on November 29, 1909, by ordinance, created and established sewer district number one and defined the boundaries thereof, and that the property involved in this action is contained within such improvement district.

It is further alleged in the complaint that the board of city com-

missioners on December 27, 1909, by resolution, authorized the president to procure plans and specifications for the construction of a sewer system; and that on April 11, 1910, the board by resolution duly accepted the plans and specifications for the construction of such sewer system in sewer improvement district number one, as prepared by the city engineer; that bids were thereafter advertised for by publication in the official paper of the city; that on May 9, 1910, the bids were opened and the contract for the construction of the sewer awarded to one James Kennedy for the agreed price of $45,875.75. "That thereafter, and during the year 1911, said sewer was constructed according to the plans and specifications above referred to." That on July 25, 1911, the special assessment commission made an assessment for the cost and expense of constructing the sewer and assessed and determined the benefits that would accrue to the several lots by the construction of the sewer; that on the 11th of September, 1911, the board of city commissioners of said city approved the assessment made by the special assessment commission and thereafter certified the same to the county auditor in the manner provided by law.

Section 3705, Compiled Laws 1913, provides: "The city council shall then cause proposals for said work to be advertised for in the official paper of such city twice, once in each week for two consecutive weeks, which advertisement shall specify the work to be done according to the plans and specifications therefor on file in the auditor's office and shall call for bids therefor upon a basis of cash payment for said work, and state the time within which such bids will be received, and within which such work is to be completed. The city council may also require bidders to state the rate of interest the warrants shall bear (not exceeding 7 per cent per annum), which are to be received and accepted by them at par in payment for such work."

Section 3708, Compiled Laws 1913, provides: "The city council or city commission shall have the right to reject any and all bids for work to be done under this article, if, in its opinion, the interests of the city will be best subserved by so doing, and such work may be performed directly by the city by the employment of labor and purchase of material, or in any other manner in which the city council or city commission may deem proper in each particular case, and payment for the construction thereof may be provided for by special

assessment in the same manner as if said work had been performed by contract, or the city council, or the city commission may readvertise for other bids, but if such bids are not rejected the contract shall then be awarded to the *responsible* bidder, whose bid is the lowest, upon the basis of cash payment therefor, providing said bidder shall have complied with the foregoing requirement; . . . provided, that the city council or city commission shall, before adopting or rejecting any bids, require the city engineer, or may employ a competent engineer to make a careful and detailed statement of the estimated cost of such work."

Section 3714, Compiled Laws 1913, reads: *"No error or omission* which may be made in the proceedings of the city council, or of any officer of said city in referring, reporting upon, ordering or otherwise acting concerning any local improvement provided for in this article, or in making or certifying any assessment, *shall vitiate or in any way affect any such assessment,* but if it shall appear that by reason of such error or omission substantial injury has been done to the party or parties claiming to be aggrieved, the court shall alter such assessment as may be just and the same shall then be enforced."

The advertisement for bids involved in this case reads as follows:

Proposals for bids on sewer system.

Notice is hereby given that sealed proposals will be received at the office of the city auditor on or before the 9th day of May, 1910, at the hour of 8 o'clock P. M., and to be opened at the last-mentioned date, and heard at a public meeting of the board of city commissioners of the city of Mandan, North Dakota, to be held at said time and place for the construction of a sanitary sewer system for sewer improvement district number one, in said city of Mandan.

All bids must be accompanied by a certified check drawn to the order of the president of the board of city commissioners of Mandan, North Dakota, for $500.

The following is the amount of work to be done and the materials to be furnished, and completion of said work and upon which bids will be compared. (Here follows description of work to be performed and materials to be furnished.)

Each proposal must be inclosed in a sealed envelop, indorsed, "Pro-

35 N. D.—8.

posal for sewer in Sewer District Number One," and to be addressed to the city auditor of the city of Mandan, North Dakota.

Bidders must specify in their proposals that should the above work be awarded to them, they will bind themselves to finish and complete the same by September 1st, 1910.

The plans and specifications of the work can be examined at the office of the city auditor of the city of Mandan, North Dakota, and at the office of R. E. Wickman, consulting engineer, Grand Forks, North Dakota.

The board of city commissioners of the city of Mandan, North Dakota, reserve to themselves the right to accept or reject any or all proposals for the above work, as they may deem best for the interest of the city.

By direction of the board of city commissioners of the city of Mandan, North Dakota.

Lee Nichols,<br>
City Auditor.

Plaintiffs contend that this advertisement does not comply with the provisions of § 3705, Compiled Laws, supra, in this that it fails to call for bids upon a cash basis or require holders to state the rate of interest the warrants shall bear, and that this defect or omission in the advertisement renders the subsequent proceedings, including the assessment, invalid. The majority opinion upholds the contentions of the plaintiffs and it is from the majority's holding on this question that I am compelled to dissent.

Section 3705, supra, recognizes two modes of payment: One by cash, and the other by warrants. It is only in case advertisements are called for upon a basis of payment by warrants that the interest becomes material. And every person desirous of bidding knows that there are only two modes of payment,—either by cash or by warrants.

The city council or commission is authorized to establish and maintain a general sewerage system for the city. Comp. Laws 1913, § 3697. It is the tribunal created by the laws of this state to create a sewer district (Comp. Laws 1913, § 3698), and to fix the size and form thereof (Comp. Laws 1913, § 3699), and to determine upon the necessity for the construction or alteration of sewers in the city. Comp. Laws

1913, §§ 3702, 3704. It is also the body empowered to pass upon the various bids submitted, and in that capacity it is invested with authority and has "the right to reject any and all bids, . . . if, in its opinion, the interests of the city will be best subserved by so doing, and such work may be performed directly by the city by the employment of labor and purchase of material, or in any other manner in which the city council or city commission may deem proper in each particular case." § 3708, supra.

The special assessment commission is the tribunal created under the laws of this state to determine what parcels of land are benefited by the construction of the sewer (or other improvements), and to apportion the cost thereof according to the benefits (Comp. Laws 1913, §§ 3724, 3726). And any persons aggrieved by the findings of the commission may appeal to the city council, which latter body is required to hear and determine the objections presented by the party aggrieved. Comp. Laws 1913, §§ 3727, 3728.

In the case at bar it appears from the plaintiffs' complaint that the improvement contracted for has been fully completed, and that the assessment made by the special assessment commission for the cost of such construction was confirmed by the city commission almost six months before the present action was instituted. So far as the complaint shows they at no time objected to the construction of the sewer, or to any of the proceedings had before the special assessment commission or the city commission, but they stood by and permitted the work to be performed and the materials furnished. It is well settled that courts will not hold to as strict a construction in actions commenced after the work has been done, as in those wherein it is sought to enjoin the officials and contractors before the work has been performed in the execution of the contract. There is no charge that the city authorities acted fraudulently or that the omission or defect in the advertisement resulted in higher prices being paid for the work or that plaintiffs were in any other manner injured or prejudiced. It seems to me that plaintiffs must allege and prove that the alleged error in the advertisement resulted in some injury to them. The city commission had jurisdiction of the matter, and the initiatory proceedings were regular and valid, and the defect in the advertisement is not of such nature that it can be said as a matter of law that preju-

dice must have resulted therefrom.    See Koontz v. Centerville, 161 Iowa, 627, 143 N. W. 490; Clifton Land Co. v. Des Moines, 144 Iowa, 625, 123 N. W. 340; Re Lightner, 145 Iowa, 95, 123 N. W. 749; Re Johnson, 103 N. Y. 260, 8 N. E. 399; Carson v. Allegheny City, 213 Pa. 537, 62 Atl. 1070.

Consequently, I do not believe that the allegations in plaintiffs' complaint with respect to the alleged defect in the advertisement state sufficient facts to entitle plaintiff to equitable relief.

It seems to me, also, that a party seeking equitable relief should be required to show that he has invoked and exhausted the remedies provided by the statute, or show valid reasons for failing to do so. I realize that a somewhat different rule was announced in the former opinion in this case, as well as in Robertson Lumber Co. v. Grand Forks, 27 N. D. 556, 147 N. W. 249.    I do not care to discuss these decisions further than to say that I do not believe that the rule therein announced should be extended.    In almost every conceivable transaction or proceeding, a party is required to present his objections at the earliest possible opportunity, and if he fails to do so, the objection will be deemed waived.    It must be presumed that if there are. any valid objections against an assessment or its confirmation, that such objections would be sustained if properly presented to the special assessment commission or to the city council on appeal.